(189 P.3d 526)
No. 98,520

In the Matter of the Guardianship of MOSHE SOKOL, *Appellee*.

Opinion filed July 25, 2008.

*Robert Alan Sokol*, appellant pro se.

*Scott E. Wasserman* and *Kathryn S. Barker*, of Scott Wasserman & Associates, LLC, of Lenexa, for appellee Julie Bergmann.

Before BUSER, P.J., MALONE and STANDRIDGE, JJ.

MALONE, J.: Robert Sokol appeals the district court's dismissal of his guardianship petition due to lack of subject matter jurisdiction. This appeal raises two questions. First, does this court possess jurisdiction over the appeal? Second, did the district court err in dismissing the guardianship petition due to lack of subject matter jurisdiction? We answer yes to both questions, and we remand the case to district court for further proceedings.

Following a divorce in 1995, Robert Sokol and Julie Bergmann engaged in lengthy, acrimonious custody disputes regarding the four children of the marriage. See *In re Marriage of Bergmann and Sokol (Sokol I)*, No. 80,476, unpublished opinion filed December 24, 1998, slip op. at 2; *In re Marriage of Bergmann and Sokol (Sokol II)*, No. 91,975, unpublished opinion filed March 25, 2005, slip op. at 2. In 1998, Julie, who possessed primary residential custody of the children, received permission of the district court to move to New York with the children. *Sokol II*, slip op. at 2. In March 2003, the district court modified the custody order, awarding Robert primary residential custody of the three younger children. The oldest of the three minor children returned to Kansas in July 2003, but Julie attempted to block the custody determination in the New York courts. *Sokol II*, slip op. at 2-3. Robert ultimately obtained custody of the two younger children, one of whom, Moshe Sokol, is the proposed ward in this case.

Moshe was born on September 4, 1988, with spina bifida. He is paralyzed in the lower half of his body and is confined to a wheelchair. Because of his paralysis, Moshe possesses no bladder control, requiring frequent catheterization and the use of diapers. Nevertheless, Moshe successfully attended high school. During an emancipation proceeding in February 2006, the district court concluded that Moshe possessed the intellect and maturity of an average 17-year-old. At the hearing on the emancipation petition, which was

ultimately denied, Moshe specifically expressed his desire to attend Mesivta High School in New York.

On August 28, 2006, about a week before Moshe turned 18, Robert filed a petition to be appointed Moshe's guardian in the probate division of the Johnson County District Court. Moshe received notice of the petition, and he subsequently filed an answer through counsel. Robert later amended the petition to allege that Moshe was an impaired adult pursuant to K.S.A. 59-3058. The original petition requested the district court to issue several preliminary orders, including an order that Moshe not be removed from Kansas, which the district court granted.

On August 31, 2006, the district court held a hearing on an order to show cause why the preliminary orders should not be vacated. Robert, Julie, and Moshe appeared personally and were represented by counsel. After hearing statements of counsel, the district court vacated its preliminary orders, noting that Division 12 of the district court possessed continuing jurisdiction over Moshe's custody determination. On the same day, Julie obtained a modification of the custody order, granting her physical custody of Moshe in order to assist him in his move to New York in preparation for school.

On September 3, 2006, with the petition for guardianship pending, Moshe left Kansas to attend school in New York. Subsequently, Moshe filed a motion to dismiss the guardianship petition or, in the alternative, a motion for summary judgment. The motion claimed the district court lacked subject matter jurisdiction over the guardianship proceeding because Moshe resided in New York with the intent to remain there indefinitely.

On October 4, 2006, the district court held a hearing on the motion to dismiss the guardianship petition. By then, Moshe was 18 years old. Moshe did not attend the hearing in person but was represented by counsel. Robert and Julie provided the only testimony at the hearing. After hearing the evidence, the district court dismissed the guardianship petition for lack of subject matter jurisdiction, concluding that Moshe, as an adult, had chosen to reside in New York. The district court's journal entry was filed on November 1, 2006.

On November 16, 2006, Robert filed a motion to alter or amend the judgment. The district court held a hearing and denied the motion in a journal entry filed on February 15, 2007. Robert filed a notice of appeal on April 2, 2007.

After the appeal was filed, this court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction, due to the untimely notice of appeal. Robert responded that this court should retain the appeal because he did not receive a signed copy of the February 15, 2007, journal entry denying his motion to alter or amend the judgment, until March 29, 2007. Julie responded to the show cause order and claimed the appeal was untimely because the final judgment in the guardianship case was entered on November 1, 2006. Julie argued that Robert's post-judgment motion did not toll the time for filing the appeal, because the probate code contains no provision for filing postjudgment motions and because the tolling effect of postjudgment motions contained in the code of civil procedure does not apply to a Chapter 59 judgment.

On June 7, 2007, this court issued an order retaining the appeal on present showing. The order stated: "The unique circumstances doctrine operates with respect to the appellant receiving notice of the February 15, 2007, journal entry." The order further directed the parties to brief the question of whether the tolling principles for filing postjudgment motions set forth in K.S.A. 60-2103(a) apply to postjudgment motions filed in a Chapter 59 proceeding. In response to the order, both parties addressed this issue in their briefs.

*Does this court possess jurisdiction over the appeal?*

Before considering the district court's decision to dismiss the guardianship petition, this court must address whether it possesses jurisdiction over the appeal. "The right to appeal is purely statutory, and an appellate court has a duty to question jurisdiction on its own initiative." *In re A.F.*, 38 Kan. App. 2d 742, 743, 172 P.3d 63 (2007). An appellate court possesses jurisdiction to entertain only those appeals that comply with the statutory requirements for jurisdiction. Interpretation of a statute is a question of law over

which an appellate court has unlimited review. *In re Condemnation of Land v. Stranger Valley Land Co.*, 280 Kan. 576, 578, 123 P.3d 731 (2005).

This court has already ruled that Robert's failure to file the notice of appeal within 30 days of the journal entry denying his motion to alter or amend the judgment is excused under the unique circumstances doctrine. We will not revisit that ruling. The only issue addressed in this opinion is whether the tolling principles for filing postjudgment motions provided under the Chapter 60 rules of civil procedure apply to postjudgment motions filed in a Chapter 59 guardianship proceeding.

Pursuant to K.S.A. 2007 Supp. 59-2401a(b)(5), an appeal of the final order of the district court in a guardianship proceeding is governed by Article 21 of Chapter 60 of the Kansas Statutes Annotated. In pertinent part, K.S.A. 60-2103(a) provides:

"When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of judgment . . . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250, and amendments thereto; or granting or denying a motion under subsection (b) of K.S.A. 60-252, and amendments thereto, to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259, and amendments thereto, to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259, and amendments thereto."

Moshe acknowledges that K.S.A. 60-2103(a) governs the time limitation for filing an appeal from a final guardianship order, which is 30 days from the entry of judgment. However, Moshe argues that the remaining provisions of K.S.A. 60-2103(a) do not apply to a Chapter 59 proceeding. Moshe claims that postjudgment motions in a Chapter 59 proceeding are governed exclusively by K.S.A. 59-2213. Because this statute does not contain a tolling provision for filing postjudgment motions, as is contained in K.S.A. 60-2103(a), Moshe contends that Robert's motion to alter or

amend the district court's November 1, 2006, judgment did not toll the deadline for filing an appeal from the judgment.

Moshe's statutory construction is unpersuasive. If the Kansas Legislature had only intended to apply the 30-day appeal time to guardianship proceedings and no other aspect of the appeal procedures of Chapter 60, the legislature could have simply imposed a 30-day time limitation in K.S.A. 2007 Supp. 59-2401a(b) without referring to Article 21 of Chapter 60. It makes no sense for a Chapter 59 proceeding to incorporate the first sentence of K.S.A. 60-2103(a), but not the remaining provisions of the same statute. The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). As a general rule, courts should construe statutes to avoid unreasonable results and presume the legislature does not intend to enact useless or meaningless legislation. *Hawley v. Kansas Dept. of Agriculture,* 281 Kan. 603, 631, 132 P.3d 870 (2006).

Moreover, the Kansas Supreme Court has already applied the tolling provisions of K.S.A. 60-2103(a) to proceedings governed by Chapter 59. In *In re Estate of Burns*, 227 Kan. 573, 608 P.2d 942 (1980), the court addressed whether the appeal time from a judgment in a probate proceeding was tolled following a timely motion for rehearing. Without reference to K.S.A. 59-2213, the court reasoned that, because K.S.A. 1979 Supp. 59-2401(c) [the precursor of K.S.A. 2007 Supp. 59-2401a] specifically incorporated the appeals procedure of Chapter 60, the tolling provisions of K.S.A. 60-2103(a) were applicable to probate proceedings. The court concluded:

"[I]n appeals from judgments and orders in probate cases entered by a district judge or an associate district judge the running of the time for appeal is terminated by a timely motion for rehearing or such other motion as may be enumerated in K.S.A. 60-2103(a), and the full time for appeal fixed in K.S.A. 1979 Supp. 59-2401(a) commences to run and is to be computed from the date the written order on such a motion is signed by the judge and filed with the clerk of the court." 227 Kan. at 575.

Moshe contends that *Burns* is inapplicable to his case. He argues that K.S.A. 59-2213 governs postjudgment motions under Chapter

59 and that this statute contains no tolling procedures for filing a notice of appeal. Moshe argues that K.S.A. 59-2213 is a more specific statute than K.S.A. 60-2103(a) and that the provisions of a specific statute control over the provisions of a general statute.

When a court is presented with a general statute and a specific statute governing the same circumstances, the court should attempt to read the statutes together in harmony with one another. If the statutes cannot be read in harmony, the specific statute will generally control over the general statute, unless a contrary intent is clearly expressed by the legislature. *In re Estate of Wolf*, 279 Kan. 718, 724, 112 P.3d 94 (2005). In this instance, we conclude that a careful reading of K.S.A. 59-2213 reveals no conflict with K.S.A. 60-2103(a). K.S.A. 59-2213 provides:

"No judgment or decree shall be rendered in a probate proceeding without proof. The verification of the petition pursuant to K.S.A. 59-2201 and amendments thereto shall constitute sufficient proof of the statements made in the petition in the absence of written defenses or any appearance by an adverse party. The court shall have control of its orders, judgments, and decrees for 30 days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by subsection (b) of K.S.A. 60-260 of the code of civil procedure."

K.S.A. 59-2213 provides that a probate court shall have control of its orders, judgments, and decrees for 30 days after the entry of the order. The statute does not specifically mention any postjudgment motions except for a motion for relief from judgment under K.S.A. 60-260. Significantly, this type of motion can be filed *more than* 30 days from the date of judgment. However, just because K.S.A. 59-2213 does not expressly provide for filing other types of postjudgment motions, this does not mean that such motions are unauthorized in a Chapter 59 proceeding. The mere fact that the legislature provided that the district court retains control over its orders, judgments, and decrees for 30 days implies that the court may consider challenges to probate orders, judgments, or decrees within that 30-day period. See, *e.g., In re Adoption of A.P.*, 26 Kan. App. 2d 210, 218-19, 982 P.2d 985, *rev. denied* 268 Kan. 886 (1999) (mentioning K.S.A. 59-2213 and permitting consideration of a motion to alter or amend the judgment).

All the postjudgment motions enumerated within K.S.A. 60-2103(a) must be filed within 10 days of judgment. See K.S.A. 60-250(b) (renewal of motion for judgment as a matter of law); K.S.A. 60-252(b) (motion to amend or add findings); K.S.A. 60-259(b) (motion for new trial); K.S.A. 60-259(f) (motion to alter or amend judgment). Therefore, any timely postjudgment motion enumerated within K.S.A. 60-2103(a) falls within the 30-day period of K.S.A. 59-2213, during which a district court retains control of its orders, judgments, or decrees in a proceeding under Chapter 59. It follows that any postjudgment motion enumerated within K.S.A. 60-2103(a) may be filed and considered in a Chapter 59 proceeding, including a guardianship proceeding. Because the appeal procedures under K.S.A. 2007 Supp. 59-2401a incorporate the provisions of K.S.A. 60-2103(a), the time limitation for filing an appeal from a Chapter 59 judgment is tolled by the timely filing of a postjudgment motion pursuant to K.S.A. 60-2103(a).

We conclude the holding of *Burns* controls this issue. Here, the 30-day period for filing a notice of appeal initially commenced on November 1, 2006, when the district court entered its journal entry dismissing the guardianship petition for lack of subject matter jurisdiction. Robert filed a motion to alter or amend the judgment on November 16, 2006. This motion was timely under the mail rule provided in K.S.A. 60-206, and the parties do not dispute the timeliness of Robert's postjudgment motion. When Robert filed his timely postjudgment motion, the running of the time for appeal terminated. When the district court filed its February 15, 2007, journal entry denying the motion to alter or amend the judgment, the full time for appeal commenced to run again. As this court previously ruled, Robert's failure to file his notice of appeal within 30 days of the February 15, 2007, journal entry was excused by his failure to receive a signed copy of the journal entry until March 29, 2007. For these reasons, Robert's notice of appeal filed on April 2, 2007, was timely. Therefore, this court possesses jurisdiction over the appeal.

*Did the district court err in dismissing the guardianship petition for lack of subject matter jurisdiction?*

Turning to the merits of the district court's dismissal of the guardianship petition, Robert contends the district court improp-

erly concluded that it lacked subject matter jurisdiction over the proceeding. Robert's argument focuses primarily on the district court's conclusion that Moshe was a resident of New York. Robert argues that Moshe remained a Kansas resident even after he went to New York to attend school and, thus, the district court erred in dismissing the guardianship petition for lack of subject matter jurisdiction.

The filing requirements of K.S.A. 59-3058 are jurisdictional. *In re Stremel*, 233 Kan. 136, 141, 660 P.2d 952 (1983) (applying former version of the statute). Appellate review of jurisdictional issues is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Granted, a determination of a person's residence is generally a fact question. See *In re Estate of Phillips*, 4 Kan. App. 2d 256, 262, 604 P.2d 747, *rev. denied* 227 Kan. 927 (1980). But, when the facts are undisputed, as here, the application of the facts to the statute becomes a question of law, over which an appellate court has unlimited review. See *Denning v. KPERS*, 285 Kan. 1045, 1048, 180 P.3d 564 (2008) (declining to grant deference to agency interpretation of a statute when a question of statutory interpretation involved undisputed facts).

K.S.A. 59-3058(a)(1) provides:

"Any person may file in the district court of the county of residence of the proposed ward or proposed conservatee or of any county wherein the proposed ward or proposed conservatee may be found, a verified petition requesting the appointment of a guardian or a conservator, or both, for an adult with an impairment in need of a guardian or conservator, or both. If the proposed conservatee is not a resident of or present within the state of Kansas, such petition may be filed in the district court of any county in which any property of the proposed conservatee is situated."

Under this statute, a district court has jurisdiction to consider a guardianship petition filed in the proposed ward's county of residence, or in any county where the proposed ward may be found. Residence requires a person's physical presence at a certain location and an intent to remain at the location for an indefinite period of time. *Teter v. Corley,* 2 Kan. App. 2d 540, 543, 584 P.2d 651 (1978). Although both parties focus on Moshe's physical location and residential intent at the time he turned 18, we believe the

pertinent inquiry is whether the district court obtained subject matter jurisdiction when the guardianship proceeding was commenced.

In *In re Guardianship & Conservatorship of Heck*, 22 Kan. App. 2d 135, 913 P.2d 213 (1996), a conservatorship petition was filed in the county where the conservatee resided and the conservatee received notice of the petition. However, the conservatee died prior to the issuance of the letters of conservatorship, and the conservatee's son later challenged the district court's continued jurisdiction over the proceeding. The district court rejected the son's jurisdictional challenge, and the case remained open until the final accounting was filed and the district court issued an order terminating the conservatorship.

On appeal, the court affirmed the district court's decision concerning jurisdiction. The court held that subject matter jurisdiction attached when the conservatorship proceeding was properly commenced and continued until the proceeding was concluded by an accounting and discharge of the conservator. 22 Kan. App. 2d at 141. The court reasoned that although the conservatee's death terminated the conservatorship by law, once subject matter jurisdiction had attached, the district court did not lose jurisdiction until the proceeding was concluded by an accounting and discharge of the conservator. 22 Kan. App. 2d at 140-41.

Here, Robert filed the original guardianship petition on August 28, 2006. Moshe either resided in Johnson County, Kansas, or he could be found in that county when the petition was filed. Moshe received notice of the petition, and he personally appeared at the hearing on August 31, 2006. The district court obtained subject matter jurisdiction over the guardianship proceeding when the proceeding was properly commenced. The record reveals that Moshe did not move to New York until September 3, 2006. Once subject matter jurisdiction had attached, the district court was not deprived of jurisdiction by Moshe's subsequent move from Kansas. Thus, we conclude the district court erred in dismissing the guardianship petition due to lack of subject matter jurisdiction.

Moshe contends that the district court could not have obtained jurisdiction over the guardianship petition pursuant to K.S.A. 59-

3058 because Moshe was not an adult when the original petition was filed. K.S.A. 59-3058 governs a guardianship petition for an adult with an impairment. Robert filed the guardianship petition about a week before Moshe turned 18, and Robert subsequently amended the petition to allege that Moshe was an impaired adult after Moshe turned 18. Thus, K.S.A. 59-3058 was inapplicable to Moshe on the date the original petition was filed. However, we note that K.S.A. 59-3059, which applies to guardianship petitions for minors, contains the identical jurisdictional filing requirements that are found in K.S.A. 59-3058. Thus, it does not matter that Moshe was not yet 18 when Robert filed the original guardianship petition. Whether the petition was filed under K.S.A. 59-3058 or under K.S.A. 59-3059, subject matter jurisdiction attached when the proceeding was commenced and the district court was not later deprived of jurisdiction when Moshe moved to New York.

A determination that the district court possessed subject matter jurisdiction over the guardianship petition does not end the inquiry, however. Subject matter jurisdiction merely addresses the authority of a court to decide a particular matter; it does not address whether a court should exercise its authority. Such considerations are governed by principles of comity. *In re Miller*, 5 Kan. App. 2d 246, 253, 616 P.2d 287, *aff'd in part and rev'd in part on other grounds* 228 Kan. 606, 620 P.2d 800 (1980); see also *Head v. Platte County, Mo.*, 242 Kan. 442, 447, 749 P.2d 6 (1988).

In enacting K.S.A. 59-3058, the Kansas Legislature provided for a district court's exercise of comity in guardianship and conservatorship cases. K.S.A. 59-3058(a)(3) provides:

"If the court finds it is not in the best interests of the proposed ward or proposed conservatee or in the interests of justice that the proceedings take place in that county and the proposed ward or proposed conservatee is a nonresident of the state of Kansas, the court may dismiss the matter immediately, or may continue the matter for a specific period of time not to exceed 60 days to allow for the filing of proceedings in the state of residence. After the expiration of that period of time, or upon the filing of proceedings in the state of residence, the court shall dismiss the petition without prejudice."

K.S.A. 59-3058(a)(3) appears designed to address a petition for guardianship or conservatorship that is filed when the proposed

ward or conservatee is present in Kansas but is not a resident of Kansas. However, the comity principles inherent in this provision seem equally applicable to circumstances like those presented in this case.

Thus, when the district court obtains subject matter jurisdiction in a guardianship proceeding, but the proposed ward leaves Kansas to reside in another state before a guardian is appointed, the district court may consider whether the Kansas court is the best forum for adjudicating the guardianship issue as a matter of comity. The district court may dismiss the guardianship petition if the court finds it is not in the proposed ward's best interests or it is not in the interests of justice that the proceeding takes place in that county. Such a dismissal is discretionary. However, there is no justification for demanding the district court to proceed with a guardianship determination blind to changes in circumstances that have occurred after the petition was filed.

Here, even though the district court retained subject matter jurisdiction in the guardianship proceeding after Moshe moved to New York, the district court may dismiss the guardianship petition if it finds that it is not in Moshe's best interests or it is not in the interests of justice that the proceeding takes place in Johnson County. If the district court so finds, it may dismiss the matter immediately, or it may continue the matter for a specific period of time not to exceed 60 days to allow Robert to file proceedings in New York. K.S.A. 59-3058(a)(3). However, because the district court previously dismissed Robert's guardianship petition as a matter of law rather than in the exercise of its discretion, the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.