No. 100,157

BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, *Appellee*, v. CITY OF PARK CITY, KANSAS, *Appellant.*

(260 P.3d 387)

Opinion filed September 9, 2011.

*Timothy J. Finnerty*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, argued the cause, and *Ryan D. Weltz*, of the same firm, was with him on the briefs for appellant.

*Michael L. North*, assistant county counselor, argued the cause, and *Robert W. Parnacott*, assistant county counselor, was on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: This case involves the determination of whether the unique circumstances doctrine applies to save the untimely appeal filed by the City of Park City, Kansas (Park City). The effect of the doctrine's application would be to permit an appellate court to exercise jurisdiction over a late appeal if the appellant reasonably relied on some judicial action—an action taking place before the deadline for filing a notice of appeal—which purportedly extended the time period for bringing an appeal. The Court of Appeals concluded the doctrine did not save the untimely appeal, and it dismissed the appeal. Park City filed a petition for review, which this court granted.

The appeal brings into question the continued viability of the unique circumstances doctrine in situations where it is used to extend a jurisdictional deadline. This question arises because the United States Supreme Court, in *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007), rejected the continued use of its own unique circumstances doctrine when applied to jurisdictional deadlines. Following the reasoning of the United States Supreme Court, we conclude the doctrine cannot be used to extend a statutory deadline that is jurisdictional.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal is from an August 15, 2007, order granting summary judgment to the Board of Sedgwick County Commissioners (Board) regarding its challenge to the annexation of certain land by Park City. Five days after the district court filed its journal entry, Park City requested an extension of time to file a postjudgment motion under two avenues of relief—K.S.A. 60-259(f) (motion to alter or amend judgment) and K.S.A. 60-260(b) (relief from judgment). The district court granted Park City's motion and extended the deadline to August 31, 2007.

On August 30, 2007, Park City asked the district court for another extension. The court granted the motion and set September 4, 2007, as the new deadline. On that date, Park City returned to the district court and once again requested additional time in which to file its postjudgment motion. The district court permitted Park

City to have one additional day for filing. All three motions for extension of time were approved by counsel for both parties.

Park City filed its motion for postjudgment relief on September 5, 2007. In its motion, Park City invoked both K.S.A. 60-259(f) and K.S.A. 60-260(b). However, Park City has not continued to pursue relief under both provisions. Rather, in its petition for review Park City stated that "an appeal based on K.S.A. 60-260[b], is not a subject of this petition." Hence, Park City has abandoned all issues related to K.S.A. 60-260(b). See Supreme Court Rule 8.03(a)(5)(c) (2010 Kan. Ct. R. Annot. 69) ("Issues not presented in the petition, or fairly included therein, will not be considered by the court."). Consequently, we will not discuss the parties' arguments or any court rulings relating to that provision.

As to the alternative argument, the Board argued to the district court that Park City's K.S.A. 60-259(f) request for relief was untimely filed because, under the version in effect at that time, such a motion had to be filed within 10 days after the entry of judgment and K.S.A. 60-206(b) prohibited the district court from extending this time period. In reply, Park City argued that the doctrine of unique circumstances should apply in this case and that the deadline extensions should be honored in light of Park City's "good faith and reasonable reliance" on the district court's grants of extension.

After conducting hearings on Park City's postjudgment motion, the district court denied the motion, as memorialized in two written orders, which were filed on February 1, 2008, and February 26, 2008, respectively. With regard to Park City's request to alter or amend the judgment under K.S.A. 60-259(f), the district court observed that a motion under K.S.A. 60-259(f) must be filed within 10 days after entry of judgment, and K.S.A. 60-206(b) (regarding enlargement of time) specifically prohibits a district court from extending this time period. The district court concluded "[t]here is no clear authority from a Kansas Appellate Court to allow this Court to ignore and find exception to the language of K.S.A. 60-206(b). To apply the 'unique circumstances doctrine' in this matter is beyond the authority of the District Court." Thus, despite having granted the extensions of time, the district court denied Park City's K.S.A. 60-259(f) motion as untimely.

At that point, the 30-day time limitation for filing a notice of appeal had expired. See K.S.A. 60-2103(a). Nevertheless, Park City filed a notice of appeal and docketing statement, appealing the summary judgment ruling.

### Court of Appeals' Decision

After issuing a series of show cause orders aimed at determining if there was appellate jurisdiction and considering responses and motions filed by the parties, the Court of Appeals issued a decision in which it dismissed the appeal in part for lack of appellate jurisdiction and affirmed the district court's decision in part. See *Board of Sedgwick County Comm'rs v. City of Park City*, 41 Kan. App. 2d 646, 204 P.3d 648 (2009). As the ruling pertains to Park City's arguments under K.S.A. 60-259(f), the Court of Appeals dismissed the appeal for lack of jurisdiction.

In doing so, the Court of Appeals discussed the applicable time limitations, summarized the chronology of procedural events, and concluded it lacked "jurisdiction over Park City's appeal of the underlying case because it was filed more than 30 days after the trial court's entry of judgment, which is a jurisdictional requirement that cannot be waived or forfeited." *Board of Sedgwick County Comm'rs*, 41 Kan. App. 2d at 650.

The Court of Appeals then considered Park City's argument that the Court of Appeals should apply the unique circumstances doctrine and find that it had jurisdiction to determine the merits of the summary judgment order. The Court of Appeals discussed the history of the unique circumstances doctrine and its subsequent "erosion" that culminated in *Bowles*, 551 U.S. 205. The Court of Appeals also questioned the precedential value of two lead Kansas cases applying the unique circumstances doctrine, *Johnson v. American Cyanamid Co.*, 243 Kan. 291, 758 P.2d 206 (1988), and *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988), because of their reliance on federal case law which has since been overruled. *Board of Sedgwick County Comm'rs*, 41 Kan. App. 2d at 654-58.

However, the Court of Appeals questioned whether this court would reject application of the unique circumstances doctrine in

light of this court's decision in *Finley v. Estate of DeGrazio*, 285 Kan. 202, 170 P.3d 407 (2007), where this court discussed *Bowles* briefly but still analyzed whether the doctrine applied to the facts of the case. This led the Court of Appeals to apply the doctrine as stated in *Finley*. The Court of Appeals concluded the doctrine did not apply to these facts where "a careful reading of K.S.A. 2008 Supp. 60-206(b) would have given Park City notice that the trial court lacked authority to grant an extension of time to file a K.S.A. 60-259(f) motion." *Board of Sedgwick County Comm'rs*, 41 Kan. App. 2d at 659.

Park City petitioned this court for review, arguing that the Court of Appeals erred in dismissing the appeal. Park City contends that the unique circumstances doctrine should apply to save the appeal. This court granted Park City's petition for review, and our jurisdiction arises under K.S.A. 20-3018(b).

## ANALYSIS

It is this court's longstanding rule that " 'the right to appeal is entirely statutory and not a right vested in the United States or Kansas Constitutions; Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes.' " *Jones v. Continental Can Co.*, 260 Kan. 547, 550, 920 P.2d 939 (1996) (quoting *Little Balkans Foundation, Inc. v. Kansas Racing Comm'n*, 247 Kan. 180, 188, 795 P.2d 368 [1990]); see *Flores Rentals v. Flores*, 283 Kan. 476, 480-81, 153 P.3d 523 (2007); *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 773-74, 148 P.3d 538 (2006); accord *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 437, 721 P.2d 278 (1986). If the record shows that an appellate court does not have jurisdiction, it is the duty of the appellate court to dismiss the appeal. *In re Adoption of Baby Girl P.*, 291 Kan. 424, 429, 242 P.3d 1168 (2010).

The time for filing a civil appeal is specified in K.S.A. 60-2103(a), which requires the appeal to be filed 30 days from the entry of judgment. There is one exception to this requirement that applies "upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment." K.S.A. 60-2103(a). Park City

does not rely on this exception. In addition, there is a tolling provision, which states:

"The running of the time for appeal is terminated by a *timely* motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a *timely* motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250, . . . [or] K.S.A. 60-252, . . . or granting or denying a motion under K.S.A. 60-259, and amendments thereto, to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259, and amendments thereto." (Emphasis added.) K.S.A. 60-2103(a).

Park City attempted to trigger this tolling provision by filing a motion pursuant to K.S.A. 60-259(f). To do so in a timely manner, under the version in effect at that time, the motion had to be "served and filed not later than ten (10) days after entry of the judgment." K.S.A. 60-259(f). Rather than file the motion in the 10-day time frame, Park City attempted to extend the time by filing a motion pursuant to K.S.A. 60-206(b), which grants a judge the discretion to extend any time limitation in the Code of Civil Procedure, except the court "may not extend the time for taking any action under . . . subsections (b), (e) and (f) of K.S. A. 60-259 . . . except to the extent and under the conditions stated in them." There is no provision in K.S.A. 60-259(f) for extensions of time. Consequently, K.S.A. 60-206(b) did not allow the extension of time on which Park City relied.

Because the extension of time was not statutorily authorized, a domino effect was triggered: Park City's K.S.A. 60-259(f) motion was not timely, the time for filing an appeal was not tolled because the tolling was dependent on a "timely" 60-259(f) motion, and the notice of appeal was untimely because it was not filed within 30 days of judgment and the running of the 30-day period had not been tolled. At this point, Park City does not dispute that its notice of appeal was untimely. It relies solely on the unique circumstances doctrine and asks us to recognize the doctrine's viability and applicability to this case.

*Unique Circumstances Doctrine—an Exception*

Our determination of both the viability and applicability of the unique circumstances doctrine involves questions of law, over which this court has unlimited review. See *Finley*, 285 Kan. at 207; *In re Tax Appeal of Sumner County*, 261 Kan. 307, 316, 930 P.2d 1385 (1997).

To understand the Court of Appeals' concerns about the continued viability of the unique circumstances doctrine it is necessary to describe the doctrine's history. The doctrine was first recognized by the United States Supreme Court in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S. Ct. 283, 9 L. Ed. 2d 261 (1962). See *Bowles*, 551 U.S. at 213. In *Harris Truck Lines*, after the federal district court dismissed the complaint, the plaintiff asked for and received an extension of time to file a notice of appeal. The Federal Rules of Civil Procedure, like K.S.A. 60-2103(a), only allowed an extension of time to file an appeal if the movant could show excusable neglect based on his or her failure to learn of the entry of the judgment. This exception did not apply, but Harris Truck Lines (Harris) asked for an extension based on other reasons. The district court granted an extension, and Harris filed its notice of appeal within the extended time period.

On appeal, the Seventh Circuit Court of Appeals dismissed the case due to lack of jurisdiction, concluding the district court did not have the authority to grant the extension of time. *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 303 F.2d 609, 611-12 (7th Cir. 1962). On review, the United States Supreme Court reversed this holding, despite the plain language of the federal rule that limited the basis for the extension of time. The Court stated:

"In view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of *unique circumstances* sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." (Emphasis added.) *Harris*, 371 U.S. at 217.

Two years later, the Supreme Court applied the unique circumstances doctrine again in *Thompson v. I.N.S.*, 375 U.S. 384, 84 S.

Ct. 397, 11 L. Ed. 2d 404 (1964). In that case, after the deadline for filing posttrial motions had passed, Thompson served notice on the government that he would appear before the district court with posttrial motions. The government made no objection concerning the motions' timeliness, and the district court ultimately denied Thompson's posttrial motions. On appeal to the Seventh Circuit Court of Appeals, the government moved to dismiss the appeal because Thompson's posttrial motions were not timely and, therefore, did not toll the period for filing a notice of appeal. The Seventh Circuit granted the government's motion to dismiss. *Thompson v. Immigration and Naturalization Service*, 318 F.2d 681, 684 (7th Cir. 1963).

The Supreme Court reversed the Seventh Circuit and applied its holding in *Harris*, stating:

> "The instant cause fits squarely within the letter and spirit of *Harris*. Here, as there, petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the District Court concluded that the act had been properly done. Here, as there, the petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline. And here, as there, the Court of Appeals concluded that the District Court had erred and dismissed the appeal. Accordingly, in view of these 'unique circumstances,' [citation omitted,] we grant the writ of certiorari, vacate the judgment, and remand the case to the Court of Appeals so that petitioner's appeal may be heard on the merits." *Thompson*, 375 U.S. at 387.

Following the United States Supreme Court decisions, this court adopted the unique circumstances doctrine in *Schroeder*, 242 Kan. 710. There, it was applied to permit an untimely appeal in which the delayed filing resulted from (1) the appellant's good faith and reasonable belief that the judicial action seemingly extending the time for filing was valid; (2) the perceived extension was for no more than 30 days and was made and entered prior to the expiration of the official appeal period; and (3) the appellant filed the appeal within the extension. The *Schroeder* court held that the reasoning in *Harris* and in *Stauber v. Kieser*, 810 F.2d 1 (10th Cir. 1982) (applying the unique circumstances doctrine to save an appeal where the district court improperly granted an extension of

time to file a posttrial motion), applied. *Schroeder*, 242 Kan. at 712-14.

Then, in a case factually similar to *Thompson, Stauber*, and the present case, this court again applied the unique circumstances doctrine in *Johnson*, 243 Kan. 291. There, the appellant did not timely file its postjudgment motions and therefore the 30-day period for filing an appeal was not tolled and the notice of appeal was untimely. In applying the unique circumstances doctrine to save the appeal, the *Johnson* court quoted extensively from *Schroeder* (which included a quotation from *Stauber*). *Johnson*, 243 Kan. at 298-301.

Since the decisions in *Schroeder* and *Johnson*, Kansas appellate courts have sparingly applied the doctrine to provide relief. See, *e.g., In re Tax Appeal of Sumner County*, 261 Kan. at 317 (untimely filed petition for reconsideration excused where Board of Tax Appeals made erroneous statement regarding filing period); *Slayden v. Sixta*, 250 Kan. 23, 30-31, 825 P.2d 119 (1992) (where 40-day delay in serving summons was caused by error of clerk of district court); *In re Guardianship of Sokol*, 40 Kan. App. 2d 57, 61, 189 P.3d 526 (2008) (failure to file the notice of appeal within 30 days of the journal entry denying motion to alter or amend the judgment was excused); *McMillan v. McKune*, 35 Kan. App. 2d 654, 661, 135 P.3d 1258 (2006) (unique circumstances doctrine applied to render timely inmate's otherwise untimely filing of habeas petition); *In re Marriage of Powell*, No. 98,209, 2008 WL 2891080, at *4 (Kan. App. 2008) (unpublished opinion) (failure to file a timely notice of appeal was excused under the unique circumstances doctrine); see also *Nguyen v. IBP, Inc.*, 266 Kan. 580, 587, 972 P.2d 747 (1999) (where filing delay is direct result of an error made in administrative law judge's office, doctrine "could" be found applicable).

At first glance, the rationale of cases like *Harris Truck Lines, Thompson, Stauber, Schroeder*, and *Johnson* leads to the conclusion that the unique circumstances doctrine should apply to the facts of this case. In each of these cases, the court clearly focused on the predicament the appellants found themselves in when they relied on a district court's action that purportedly tolled or extended the time period for filing a notice of appeal and, then, based

on this reliance, the appellants refrained from filing a notice of appeal until the correct deadline had passed. This is precisely what happened here. Park City relied on the district court's action that purportedly extended the time period for filing a post-judgment motion, and, based on this reliance, Park City waited until the district court ruled on the postjudgment motion before filing a notice of appeal. By that time, the statutory deadline for filing a notice of appeal had passed. Yet, our decision is not that simple because, as aptly noted by the Court of Appeals, "Over time, the legal foundation upon which *Schroeder* and *Johnson* was built has slowly eroded away, making the precedential value of those two cases questionable at best." *Board of Sedgwick County Comm'rs,* 41 Kan. App. 2d at 656.

*Erosion of the Unique Circumstances Doctrine*

The erosion began when *Stauber,* the Tenth Circuit Court of Appeals case that both the *Schroeder* and the *Johnson* courts cited as support for applying the unique circumstances doctrine, was explicitly overruled by *Weitz v. Lovelace Health System, Inc.,* 214 F.3d 1175, 1179-80 (10th Cir. 2000). In that case, like this one, the appellant asked for an extension of time to file a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Rule 6 of the Federal Rules of Civil Procedure, like K.S.A. 60-206, did not allow for this extension and, as a result, the appeal was late.

In deciding if the unique circumstances doctrine could save the appeal, the Tenth Circuit overruled *Stauber* and held the doctrine was limited to situations where it was reasonable for the appellant to rely on the action taken by the federal district court. *Weitz,* 214 F.3d at 1178-80. Applying that holding to the facts, the Tenth Circuit concluded: "In the present case, the rules expressly forbid any extensions for Rule 59(e) motions, and even a passing reference to the rules will reveal this fact. Consequently, the mere fact that a court has granted such an extension does not justify reliance that is clearly at odds with the text of the rules." *Weitz,* 214 F.3d at 1180.

In this case, the Court of Appeals reached the same conclusion, determining that Park City could not reasonably rely on the district

court's action when the statute explicitly prohibited the extension. *Board of Sedgwick County Comm'rs*, 41 Kan. App. 2d at 654; *cf. State ex rel. Murray v. Palmgren*, 231 Kan. 524, 536, 646 P.2d 1091 (1982) (" 'Ignorance of the law is no excuse.' "); *Flott v. Wenger Mixer Manufacturing Co.*, 189 Kan. 80, 88, 367 P.2d 44 (1961) (stating that parties in litigation are presumed to know the law); *Miller v. Murdock*, 788 P.2d 614, 616 n.2 (Wyo. 1990) ("It is difficult to understand how a party may reasonably rely on a court's error in applying rules [of civil procedure] counsel is charged with knowing. . . . [I]gnorance of the rules is neither reasonable nor excusable . . . .").

Nevertheless, the Court of Appeals also noted that the Tenth Circuit's narrowing of the doctrine was not the only erosion that occurred. Notably, *Harris Truck Lines*, the other case cited by the Kansas cases in *Schroeder* and *Johnson* as support for applying the unique circumstances doctrine, was (along with *Thompson*) overruled by the United States Supreme Court in *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). In *Bowles*, a federal district judge incorrectly told Bowles that he had more time to file his notice of appeal than the applicable statute allowed. After Bowles filed an untimely notice of appeal, the Sixth Circuit Court of Appeals dismissed Bowles' appeal, and the Supreme Court affirmed this decision. The Supreme Court reasoned that because the legislature, within constitutional bounds, limited the jurisdiction of appellate courts to hear only cases brought within the prescribed statutory period, appellate courts were not free "to create equitable exceptions to jurisdictional requirements" in order to exercise jurisdiction over untimely appeals. *Bowles*, 551 U.S. at 214.

As a result, the Court concluded that the unique circumstances doctrine is no longer valid and stated: "[G]iven that this Court has applied *Harris Truck Lines* only once in the last half century, [citation omitted,] several courts have rightly questioned its continuing validity. [Citations omitted.] We see no compelling reason to resurrect the doctrine from its 40-year slumber." *Bowles*, 551 U.S. at 214. The Court then overruled *Harris Truck Lines* and *Thomp-*

*son* "to the extent they purport to authorize an exception to a jurisdictional rule." *Bowles*, 551 U.S. at 214.

*Repercussions in Kansas*

How does *Bowles* impact Kansas cases? As the Court of Appeals pointed out, numerous pronouncements from this court concerning jurisdiction are consistent with the view taken by the *Bowles* Court. See, *e.g.*, *Flores Rentals v. Flores*, 283 Kan. 476, 481, 153 P.3d 523 (2007) ("Kansas appellate courts may exercise jurisdiction only under circumstances allowed by statute; the appellate courts do not have discretionary power to entertain appeals from all district court orders."); *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, Syl. ¶ 1, 148 P.3d 538 (2006) ("Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, nor can parties convey jurisdiction on a court by failing to object to its lack of jurisdiction.").

Further, the Kansas Legislature clearly provided time limits for the filing of a notice of appeal, explained a method for tolling that filing period, limited that method to the filing of a *timely* motion under certain statutes, such as K.S.A. 60-259(f), and removed all discretion from the district court to extend the time in which to file a K.S.A. 60-259(f) motion. See K.S.A. 60-206(b). Hence, there is no basis to distinguish *Bowles*, which also dealt with jurisdictional time limits for the filing of a notice of appeal.

Despite that, the Court of Appeals felt there was also some indication that the doctrine remained viable in Kansas. As previously noted, the Court of Appeals pointed to this court's decision in *Finley*, 285 Kan. 202, where this court cited to *Bowles* but still considered whether the doctrine applied to the facts of the case. However, the Court of Appeals failed to recognize the distinction between *Bowles*, which dealt with a jurisdictional time limit related to the filing of a notice of appeal, and *Finley*, which dealt with a statute of limitations that is a defense related to a nonjurisdictional time limit and is subject to equitable tolling. See, *e.g.*, *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (1-year statute of limitations on petitions for federal habeas relief by state prisoners is not jurisdictional and is subject to eq-

uitable tolling in appropriate cases); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) (order accepting a habeas filing after the limitations period has run is not beyond the district court's power; instead, it is effective if it can meet the standards for equitable tolling); *Menominee Indian Tribe of Wisconsin v. U.S.*, 614 F.3d 519, 523 (D.C. Cir. 2010) (6-year time limitation in federal Contract Disputes Act of 1978 was not jurisdictional in nature, as would permit district court to equitably toll limitations period); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (1-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 is a defense, is not jurisdictional, and is subject to equitable tolling); see also *Henderson v. Shinseki*, 562 U.S. 428, 436-38, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) (distinguishing *Bowles* and concluding that time limitation for appeal to United States Court of Appeals for Veterans Claims is not jurisdictional, but not reaching question of whether equitable tolling applies).

In other words, this court's application of the unique circumstances doctrine in *Finley* has no application to the consideration of whether the doctrine should or can be applied when a time limitation is *jurisdictional*. Further, we note that the issue of whether *Bowles* brought the viability of the doctrine into question in *nonjurisdictional* settings was not presented to or decided by the court in *Finley*.

As previously noted, in contrast to the circumstances in *Finley*, here we are dealing with a statute that is jurisdictional and specific in setting the limits of the matters a Kansas appellate court can hear. As a result, an appellant's failure to file a notice of appeal in accordance with the time requirements of K.S.A. 60-2103(a) deprives an appellate court of jurisdiction. We agree with the *Bowles* analysis that this legislative limitation is constitutional in the context of civil litigation where application of the legislatively-imposed deadline does not potentially infringe on another constitutional or statutory right, such as the right to effective assistance of appointed counsel in a criminal case. *Cf. State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982) (allowing untimely appeal where ineffective assistance of counsel resulted in lost opportunity for timely appeal of criminal conviction; remedying loss of constitutional right

to effective assistance of counsel); see also *Kargus v. State*, 284 Kan. 625, 645-46, 162 P.3d 818 (2007) (allowing untimely appeal where ineffective assistance of counsel resulted in lost opportunity for filing of timely petition for review in appeal of criminal conviction; remedying loss of statutory right to effective assistance of counsel).

Consequently, we reject Park City's argument that the unique circumstances doctrine saves its appeal. As stated in *Bowles*, "Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." *Bowles*, 551 U.S. at 214. Accordingly, we overrule *Johnson v. American Cyanamid Co.*, 243 Kan. 291, 758 P.2d 206 (1988), and *Schroeder v. Urban*, 242 Kan. 710, 750 P.2d 405 (1988), to the extent they authorize an exception to a jurisdictional rule.

As a result, there is no appellate jurisdiction over the merits of Park City's contention that it was entitled to relief from the district court's summary judgment ruling under K.S.A. 60-259(f).

Affirmed.

ROBERT J. SCHMISSEUR, District Judge, assigned.