FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOU KAY JOHNSON,

       Plaintiff-Appellant,

v.

CHRISTINE M. FISHER, M.D.;
JEFFREY D. HENRY, M.D.;
MATTHEW P. SHAFFER, M.D.,

       Defendants-Appellees.

No. 11-3268
(D.C. No. 6:10-CV-01342-MLB-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Lou Kay Johnson appeals the district court's order dismissing as untimely her amended complaint alleging medical negligence under Kansas state law. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Johnson's claims rely on two cases she filed sequentially in the United States District Court for the District of Kansas. Her claim that her second case was timely depends on her argument that the district court clerk acted improperly in not issuing the summonses in her first case. This appeal is from the judgment of dismissal entered in the second case. We provide a brief description of each case.

## A. First Case

Alleging that on or about July 7, 2008, she discovered that she had suffered medical negligence, Ms. Johnson and her husband filed a pro se federal complaint against the defendants on July 6, 2010, within the Kansas two-year statute of limitations for such cases. *See* Kan. Stat. Ann. § 60-513(a)(7), (c). On July 12, 2010, the district court granted the plaintiffs leave to proceed in forma pauperis and instructed them to provide completed summonses to the court clerk to be issued. Ms. Johnson says she obtained the summons forms from the court clerk, filled them out, and returned them to the clerk to be issued. She also says that the clerk received the summonses on July 21, 2010, but the issued summonses were not returned to her so she could arrange for service on the defendants.

Also on July 12, 2010, the district court issued an order to show cause by August 2, 2010 why the case should not be dismissed for lack of subject matter jurisdiction. The complaint, which made no claims under federal statutory or constitutional law, averred that the plaintiffs and the defendants were all citizens

of Kansas.  Therefore, the complaint did not establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (providing for federal court jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). Ms. Johnson's pro se response to the show-cause order did not address the issue of diversity.  Accordingly, the district court dismissed the case for lack of subject matter jurisdiction due to the lack of diversity.

Ms. Johnson then engaged an attorney who filed a Motion for Alteration or Amendment of Judgment requesting that the dismissal be rescinded to permit Ms. Johnson to effect service of process so she could utilize the Kansas Savings Statute, Kan. Stat. Ann. § 60-518, and refile her case notwithstanding that the limitations period had run.[1]  The district court denied the motion.

### B.  Second Case

Represented by counsel, Ms. Johnson, as sole plaintiff, filed a second case in the federal district court, this time asserting that she was a citizen of Arkansas, the defendants were citizens of Kansas, and the amount in controversy exceeded $75,000, thus alleging diversity jurisdiction.  The summonses were promptly served on the defendants.

---

[1]     As discussed below, § 60-518 provides a six-month period to refile a prior, timely action that failed otherwise than on the merits and the limitations period has run.

- 3 -

Defendants moved to dismiss, invoking the Kansas two-year statute of limitations for medical negligence actions. They averred that Ms. Johnson's complaint in the second case, filed on October 4, 2010, was filed more than two years after she discovered the alleged medical negligence on July 7, 2008. Ms. Johnson did not dispute that the two-year statute of limitations applied, but she asserted that the Kansas Savings Statute operated to make her second case timely. Ms. Johnson argued that, under the Kansas doctrine of unique circumstances, the district court clerk's failure to issue the summonses in the first case was a third-party error that prevented her from "commencing" the first case.

The district court granted defendants' motions to dismiss, holding that (1) the second case was filed outside the applicable two-year statute of limitations; (2) the first case had not been "commenced" within the meaning of the Savings Statute, Kan. Stat. Ann. § 60-203(a); and (3) the doctrine of unique circumstances, even if still viable, did not apply because "there is nothing in [Fed. R. Civ. P. 4] which requires the clerk to issue summonses before plaintiffs responded to the order to show cause [in the first case], especially when lack of subject matter jurisdiction [was] evident from the face of the complaint." Aplt. App. Vol. III at 505. Although the court noted that the record did not reflect that Ms. Johnson returned the summonses to the clerk to be issued, the court nevertheless held that even if she had returned them, there was no requirement for the clerk to issue them before the case was dismissed for lack of jurisdiction. Ms. Johnson appeals, renewing her argument

- 4 -

that the doctrine of unique circumstances, coupled with the Savings Statute, rendered the second case timely. She further asserts that the district court erred in not construing her allegations as true and improperly relied on the record concerning whether she returned the summonses to the clerk.

## II. Discussion

Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6), based on lack of subject matter jurisdiction and failure to state a claim, and pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. We review de novo an order of dismissal under each of those rules. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011) (dismissal under Rule 12(b)(1) reviewed de novo); *Bixler v. Foster*, 596 F.3d 751, 755 n.2 (10th Cir. 2010) (dismissal under Rules 12(b)(6) & (c) reviewed de novo). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

"Because the district court's jurisdiction was based on diversity of citizenship, . . . [t]his court must . . . ascertain and apply [Kansas substantive] law

with the objective that the result obtained in the federal court should be the result that would be reached in [a Kansas] court." *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1323 (10th Cir. 2008) (internal quotation marks omitted). Under Kansas law, "both the viability and applicability of the unique circumstances doctrine" are reviewed de novo. *Bd. of Cnty. Comm'rs v. City of Park City*, 260 P.3d 387, 390 (Kan. 2011).

Two Kansas statutes apply. First, Kan. Stat. Ann. § 60-203(a) provides in relevant part: "*A civil action is commenced* at the time of: (1) Filing a petition with the court, if service of process is obtained . . . within 90 days after the petition is filed . . . ." (emphasis added). Second, the Kansas Savings Statute, Kan. Stat. Ann. § 60-518, states: "*If any action be commenced within due time*, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." (emphasis added). Accordingly, Ms. Johnson must have "commenced" her first case to take advantage of the Savings Statute. It is undisputed that she did not "commence" her first case because she did not obtain service of process, but she claims that the fault lies with the court clerk who did not return to her the issued summonses in order to have them served. This, she argues, entitles her to the benefit of the doctrine of unique circumstances.

Kansas adopted the doctrine of unique circumstances in the appeal context, holding that a party may pursue an appeal even though the notice of appeal was untimely if the failure to file a timely notice resulted from (1) a reasonable, good-faith reliance on "judicial action that seemingly extended the appeal period," (2) the order extending the appeal period allowed no more than 30 days and was entered prior to the expiration of the official appeal period, and (3) the party filed a notice of appeal within the extended period. *Schroeder v. Urban*, 750 P.2d 405, 407-08 (Kan. 1988) (internal quotation marks omitted), *overruled by Bd. of Cnty. Comm'rs*, 260 P.3d at 394. Ms. Johnson relies on *Slayden v. Sixta*, 825 P.2d 119, 121, 125 (Kan. 1992), where the Kansas Supreme Court applied the doctrine of unique circumstances to excuse the delay in serving the defendant caused by the court clerk's error in issuing a summons with an incorrect address.

Ms. Johnson's theory is that the "failure" of the court clerk in the first case to issue the summonses and return them to her for service was the court error required to invoke the doctrine. She asserts that if the clerk had issued and returned the summonses, she could have served them on defendants before the first case was dismissed, thus "commencing" her first case pursuant to § 60-203(a). Once "commenced," according to Ms. Johnson, the Savings Statute would have preserved the first case's filing date to make the second case timely.

More specifically, Ms. Johnson argues that the district court erred in not accepting as true her allegation that the clerk's "failure" to issue the summonses

caused her legal injury. *See Kan. Penn Gaming*, 656 F.3d at 1214 (holding that district court should assume as true the plaintiff's specific factual allegations when ruling on a motion to dismiss). But Ms. Johnson's characterization of the clerk's inaction as negligent or even wrongful is "a mere[] conclusion of law . . . not entitled to a presumption of truth." *See id.* at 1219. She also asserts that the district court erred in not assuming as true her claim that she returned the summonses to the clerk to be issued. The court noted that the record does not reflect that the clerk received the summonses from her. But again, the court held that "even if the summonses had been returned [to the clerk], there is nothing in [Fed. R. Civ. P. 4] which requires the clerk to issue summonses before plaintiffs responded to the order to show cause [in the first case], especially when lack of subject matter jurisdiction is evident from the face of the complaint." Aplt. App. Vol. III at 505. Therefore, the court did not rely on the record and instead assumed that Ms. Johnson had returned the summonses to the clerk.

Ms. Johnson also argues that the district court erred in dismissing her case before the court clerk issued the summonses. But in none of her case authority was federal subject matter jurisdiction lacking on the face of the complaint, as it was in Ms. Johnson's first case. *See, e.g., Nichols v. Schubert*, 499 F.2d 946, 946 (7th Cir. 1974) (complaint alleged violation of federal civil rights); *Dear v. Rathje*, 485 F.2d 558, 559 (7th Cir. 1973) (same); *Bauers v. Heisel*, 361 F.2d 581, 584 (3d Cir. 1966) (same); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir. 1965) (same). In addition,

Fed. R. Civ. P. 1 provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." And under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." To the extent Ms. Johnson relies on Fed. R. Civ. P. 4(b) of the Federal Rules of Civil Procedure[2] as requiring the clerk to issue the summonses before the case was dismissed on jurisdictional grounds, this argument, raised for the first time in her reply brief, "comes too late. This court does not ordinarily review issues raised for the first time in a reply brief." *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 948 n.2 (10th Cir. 2011) (internal quotation marks omitted).

In sum, there is no basis for application of the doctrine of unique circumstances, even assuming the doctrine is still viable under Kansas law. *See, e.g., Woods v. Unified Gov't of WYCO/KCK*, 275 P.3d 46, 50 (Kan. 2012) ("Recently, we abolished the unique circumstances doctrine, which previously had allowed a discretionary enlargement of the time to appeal in equitable situations . . . ."). Moreover, the district court properly declined to categorize as fact Ms. Johnson's conclusory legal claim that the court clerk had "failed" to issue the summonses, and

---

[2] Although Ms. Johnson cites to Rule 4(a), we assume she means Rule 4(b), which refers to issuance of a summons. Rule 4(b) was amended in 1993 to include the pertinent provisions of former subdivision (a). *See* Fed. R. Civ. P. 4 advisory committee's note ("Revised subdivision (b) replaces the former subdivision (a).").

the court did not improperly rely on the record concerning whether Ms. Johnson had returned the summonses to the clerk to be issued.

### III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge