NOT DESIGNATED FOR PUBLICATION

No. 124,087

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

CHARLES C. HUNTER,
*Appellant.*


MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed February 18, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.


PER CURIAM: Charles C. Hunter appeals the district court's denial of his motion to modify his sentence. In his motion, Hunter asked the district court to modify his sentence in a case in which he was convicted of battery on a corrections officer in 2007 to the time he had already served. In denying Hunter's motion, the district court found that it lacked jurisdiction to modify his sentence. On appeal, Hunter contends—through counsel—that the district court erred in finding that it lacked jurisdiction. Based on our review of the record, we find that the district court correctly denied Hunter's motion for lack of jurisdiction. Accordingly, we affirm.

1

FACTS

Since 1978, Hunter has been incarcerated in various correctional facilities. In 2007, he was convicted by a jury of battery of a state correctional officer in Pawnee County. Following the jury's verdict, Hunter sought a mental evaluation. The district court then entered an order for a mental evaluation to be conducted at the Larned State Security Hospital.

On September 20, 2007, a forensic evaluation report was transmitted by Larned State Security Hospital officials to the district court. The professionals performing the evaluation "recommended that Mr. Hunter be committed to the State Security Hospital at Larned, in lieu of confinement or imprisonment, where he could be closely monitored and offered the aforementioned mental health and substance abuse treatment."

At the time of sentencing, Hunter was already in custody at Larned State Security Hospital serving another sentence for a previous crime. At the sentencing hearing, the prosecutor stated that considering Hunter's evaluation under K.S.A. 22-3429, the State had no objection that his "sentence be served by way of treatment." At the conclusion of the hearing, the district court first sentenced Hunter to 130 months' imprisonment under the Kansas Sentencing Guidelines Act (KSGA). In addition, the district court authorized Hunter "to receive treatment at the State Security Hospital pursuant to K.S.A. 22-3430." Hunter's conviction and sentence were subsequently affirmed on appeal. *State v. Hunter*, 41 Kan. App. 2d 507, 203 P.3d 23 (2009).

On April 12, 2021, Hunter filed a pro se motion in the Pawnee County District Court asking that his 130-month sentence be modified to the time he had already served. At the time that Hunter filed these motions, he was serving a separate KSGA sentence in a 2014 criminal case and was in the custody of the Department of Corrections. The

2

district court found that it lacked jurisdiction to modify a legal sentence and denied Hunter's motions.

ANALYSIS

On appeal, Hunter contends that the district court erred in denying his motion for lack of jurisdiction. The question of whether the district court has jurisdiction to modify a sentence imposed under the KSGA is a question of law subject to de novo review. *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015). In Kansas, where a lawful sentence has been imposed under the KSGA, the sentencing court has no jurisdiction to modify that sentence except to correct arithmetic or clerical errors. *State v. Jamerson*, 309 Kan. 211, 215, 433 P.3d 698 (2019).

Nevertheless, Hunter argues that this rule is not implicated in his case because he was never sentenced under the KSGA. Instead, he suggests that he was committed in lieu of sentencing. However, a review of the record reveals that Hunter was sentenced in accordance with the KSGA to 130 months' imprisonment. It was only *after* the guideline sentence was imposed that the district court granted his request for his sentence to be served at Larned State Security Hospital.

In a written order denying Hunter's motion, the district court found:

> "The Motion . . . is a request for the Court to modify the sentence previously imposed in this action. However, once a legal sentence has been pronounced from the Bench, the sentencing Court loses subject matter jurisdiction to modify the sentence imposed except to correct arithmetic or clerical errors. As the Court lacks jurisdiction to grant relief, the Motion . . . is denied."

We agree with the district court. After a legal sentence was imposed under the KSGA, the district court no longer had the authority to modify the sentence. *State v*

3

*Warren*, 307 Kan. 609, 612-13, 412 P.3d 993 (2018). Contrary to Hunter's assertion, he was not committed to the state hospital in lieu of sentencing. Instead, he was sentenced under the KSGA.

Hunter candidly acknowledges that his motion was based on a motion to modify his KSGA sentence. But he argues that he should still be granted a hearing under the unique circumstances doctrine. The unique circumstances doctrine provided that a party may be excused from a nonjurisdictional time bar if the party has been affirmatively misled about the applicable law. See *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 119-20, 260 P.3d 387 (2011). However, our Supreme Court held that an appellate court "has no authority to create equitable exceptions to jurisdictional requirements" and therefore eliminated the use of the unique circumstances doctrine. 293 Kan. 107, Syl. ¶ 3. Our Supreme Court recently reaffirmed the illegitimacy of the doctrine in *State v. Hook*, 312 Kan. 604, 606, 478 P.3d 773 (2021). In addition, the district court did not lack jurisdiction due to an untimely filing. Rather, the district court lost jurisdiction to modify Hunter's sentence after it was lawfully imposed under the KSGA on September 21, 2007.

We, therefore, conclude that the district court did not err in denying Hunter's motion to modify his sentence on the basis that it lacked jurisdiction.

Affirmed.