No. 112,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of C.D.A.-C.,
A Child Under Eighteen (18) Years of Age.

SYLLABUS BY THE COURT

1.

The right to appeal is entirely statutory, and an appeal may be entertained only if it is taken in the manner prescribed by statute.

2.

An appellate court has the duty to dismiss an appeal if it finds it does not have jurisdiction.

3.

Although juvenile offenders are entitled the same constitutional protections as adult offenders, they are not guaranteed the same statutory rights unless specifically provided for in the Juvenile Justice Code.

4.

Under the revised Juvenile Justice Code, K.S.A. 2014 Supp. 38-2380, a juvenile offender may only appeal from an order of adjudication or sentencing, or both.

5.

The Juvenile Justice Code does not authorize appeals from district court orders revoking probation.

1

6.

Under K.S.A. 2014 Supp. 38-2380(b)(2)(A), a juvenile may not appeal from a presumptive sentence.

7.

K.S.A. 2014 Supp. 38-2368(a) grants the district court the authority to revoke a juvenile's probation and enter a new sentence. If the new sentence is within the presumptive sentencing range, an appellate court does not have jurisdiction to hear an appeal from the new sentence.

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed October 9, 2015. Appeal dismissed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Cheryl M. Pierce*, assistant county attorney, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

WALKER, J.:  The juvenile, C.D.A.-C., pled guilty to two counts of aggravated indecent liberties with a child in Butler County District Court. The district court granted the juvenile probation for 36 months, emphasizing the juvenile needed to continue and successfully complete a sex offender treatment program. Twenty months into his probation, the State filed a motion alleging a probation violation because the juvenile was unsuccessfully discharged from his sex offender treatment program. After an evidentiary hearing, the district court found the juvenile had violated his probation and imposed a sentence in the juvenile correctional facility. The juvenile now appeals the district court's order revoking his probation.

*Jurisdiction*

Before reaching the merits of the juvenile's appeal, we must first address the State's contention that an order revoking probation is not an appealable order under K.S.A. 2014 Supp. 38-2380. The question becomes one of statutory interpretation.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

The right to appeal is entirely statutory, and an appeal may only be entertained by Kansas appellate courts if the appeal """is taken within the time limitations and in the manner prescribed by the applicable statutes.""" *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 287 (2011). This court must dismiss the appeal if it finds it does not have jurisdiction. 293 Kan. at 111.

The statute at issue is K.S.A. 2014 Supp. 38-2380. The relevant portion of the statute states:

"(b) *Orders of adjudgment and sentencing*. The juvenile offender may appeal from an order of adjudication or sentencing, or both. The appeal shall be pursuant to K.S.A. 2014 Supp. 38-2382, and amendments thereto." K.S.A. 2014 Supp. 38-2380(b).

The statute also instructs that an appellate court may not review any sentence that is within the presumptive sentence for the crime or any sentence resulting from an

3

agreement between the State and the juvenile which the sentencing court approves on the record. K.S.A. 2014 Supp. 38-2380(b)(2)(A)-(B).

At the probation violation hearing in the present case, the district court imposed a new sentence on the juvenile pursuant to K.S.A. 2014 Supp. 38-2368 which provides in part:

> "[I]f the court finds by a preponderance of the evidence that the juvenile offender violated a condition of probation or placement, the court may extend or modify the terms of probation or placement *or enter another sentence pursuant to K.S.A. 2014 Supp. 38-2361, and amendments thereto*." (Emphasis added.) K.S.A. 2014 Supp. 38-2368(a).

The district court chose to forego modifying the terms of the juvenile's probation in favor of entering another sentence under K.S.A. 2014 Supp. 38-2361(a)(12) which allows a court to "[c]ommit the juvenile directly to the custody of the commissioner for a period of confinement in a juvenile correctional facility and a period of aftercare pursuant to K.S.A. 2014 Supp. 38-2369, and amendments thereto."

K.S.A. 2014 Supp. 38-2369 provides the sentencing matrix for juveniles. The district court sentenced the juvenile as a violent offender II as prescribed under K.S.A. 2014 Supp. 38-2369(a)(1)(B). Pursuant to the violent offender II provision, the court sentenced the juvenile to a term in the juvenile correctional facility until he reached 22 1/2 years old with 6 months of aftercare. According to the statute, this sentence is presumptive. See K.S.A. 2014 Supp. 38-2369(a) ("the following placements shall be applied by the judge in felony or misdemeanor cases . . . unless the judge conducts a departure hearing and finds substantial and compelling reasons to impose a departure sentence as provided in K.S.A. 2014 Supp. 38-2371, and amendments thereto").

4

The State argues under K.S.A. 2014 Supp. 38-2380, a juvenile offender may only appeal from an order of adjudication or sentencing. The State contends this statute does not authorize appeals from probation revocations and therefore this court does not have jurisdiction to hear the appeal. The State also argues C.D.A.-C. is barred from appealing the new sentence imposed by the district court because it is a presumptive sentence under K.S.A. 2014 Supp. 38-2369(a)(1)(B).

In support of its argument, the State offers *In re D.M.-T.*, No. 102,241, 2010 WL 2545666 (Kan. App. 2010) (unpublished opinion), as authority. In *D.M.-T.*, a juvenile offender appealed the district court's denial of his "Post Trial Motion to Set Aside Judgment and Sentencing." 2010 WL 2545666, at *1. A panel of this court examined the statutory language in K.S.A. 2009 Supp. 38-2380 and found the plain language authorizes a juvenile offender to appeal only from an adjudication or sentence and does not cover adverse rulings in a postadjudication motion. 2010 WL 2545666, at *2. The Kansas Supreme Court affirmed the Court of Appeals' decision in *In re D.M.-T.*, 292 Kan. 31, 249 P.3d 418 (2011). It found "the juvenile justice code made no provision for the appeal of the district court's order denying D.M.-T.'s postappeal motion to set aside adjudication and sentence." 292 Kan. at 35. The court rejected the juvenile's argument he should be entitled to the same statutory procedures that are afforded adult criminal defendants. 292 Kan. at 35.

In response, C.D.A.-C. argues he may appeal from the revocation of his probation because the probation revocation resulted in him receiving a new sentence, which is covered under K.S.A. 2014 Supp. 38-2380.

Various panels of this court have addressed juvenile offenders' appeals from probation revocations. See generally *State v. J.H.*, 40 Kan. App. 2d 643, 197 P.3d 467 (2007) (juvenile offender appealed court's revocation of probation for sufficiency of evidence after court revoked juvenile's probation and imposed adult sentence under

5

extended juvenile jurisdiction); *In re A.N.L.-D.*, No. 107,345, 2012 WL 3966695 (Kan. App. 2012) (unpublished opinion) (juvenile offender appealed district court's order revoking probation, Court of Appeals found the decision to revoke probation was entirely discretionary). In both of these cases, panels of this court reviewed and affirmed the district court's decision to revoke the juvenile offenders' probations; however, neither case discussed or confirmed whether the court had the statutory jurisdiction to review the probation revocation.

Consequently, this issue seems to be one of first impression. In resolving this issue, it is important to mention that although juvenile offenders are entitled to similar constitutional protections as adults, they are not guaranteed the same statutory rights unless specifically provided for in the Juvenile Justice Code. *In re P.R.G.*, 45 Kan. App. 2d 73, 81, 244 P.3d 279 (2010); see also *In re D.M.-T.*, 292 Kan. at 35 ("we clarified that *In re L.M.* was not intended to grant juveniles the same statutory rights as adults and that juvenile procedures are not required to parallel adult criminal procedures"). In adult offender appeals, K.S.A. 2014 Supp. 22-3601(a) grants jurisdiction to the appellate courts for any appeal taken from a district court's final judgment in a criminal case. This broad definition covers more than just adjudications and sentences as provided by the Juvenile Justice Code, and an adult offender may therefore appeal from a probation revocation as it is a final judgment. See *State v. Legero*, 278 Kan. 109, 117, 91 P.3d 1216 (2004).

The question then becomes whether probation revocations fall under the limited statutory language governing juvenile appeals. As noted above, the Kansas Supreme Court has declined to extend appellate jurisdiction for juvenile offenders attempting to appeal from anything other than an adjudication or sentence. See *In re D.M.-T.*, 292 Kan. at 35. When interpreting statutes, the Kansas Supreme Court has held: "A court cannot delete vital provisions or supply vital omissions in a statute." *State v. Urban*, 291 Kan. 214, Syl. ¶ 1, 239 P.3d 837 (2010). Nothing in the plain language of K.S.A. 2014 Supp. 38-2380(b) authorizes appellate jurisdiction for appeals from probation revocations.

Additionally, K.S.A. 2014 Supp. 38-2368(a) grants the district court authority to revoke a juvenile offender's probation and then extend or modify the terms of probation or placement or enter another sentence pursuant to K.S.A. 2014 Supp. 38-2361. Here, the district court exercised its discretion when it revoked C.D.A.-C.'s probation and entered a new sentence under K.S.A. 2014 Supp. 38-2361(a)(12). The juvenile was sentenced to the juvenile correctional facility for a term within the presumptive range for his offense. K.S.A. 2014 Supp. 38-2380(b)(2)(A) prohibits appeals from "[a]ny sentence that is within the presumptive sentence for the crime." The juvenile offender in this case is therefore barred from appealing the result of his probation violation hearing. Appellate jurisdiction is exclusively statutory, and therefore this court does not have jurisdiction to review a probation revocation because K.S.A. 2014 Supp. 38-2380(b) authorizes appeals only from an order of adjudication or sentencing and K.S.A. 2014 Supp. 38-2380(b)(2)(A) prohibits this court from reviewing the juvenile's new sentence because it is within the presumptive range for his offense.

Because we lack jurisdiction to review this matter, the appeal must be dismissed.

*Probation*

In the event we have erred in our jurisdictional analysis and in the interest of judicial economy, we will briefly address the merits of C.D.A.-C.'s claims that (1) there was insufficient evidence that he violated probation and (2) the court abused its discretion in revoking his probation and sentencing him to a term in the juvenile correctional facility.

Probation, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Revoking probation must be predicated on a failure to comply with the conditions of probation. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Once the State proves a violation of

7

the conditions of probation, probation revocation is within the sound discretion of the district court. 272 Kan. at 4. Judicial discretion is abused when judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Here, there was testimony that C.D.A.-C did not successfully complete sex offender treatment and likely would not complete it in the future based on his refusal to accept responsibility for his actions. The district court revoked probation based on this testimony, finding that the juvenile was "unsuccessful" at probation because he did not "continue and successfully complete a sex offender treatment program in this case as ordered" and "[t]hat he refused to admit responsibility, had an unsuccessful discharge in his sex offender treatment, and that it's been demonstrated to the Court that he again failed to take responsibility and he needed treatment and did not complete the same." There was substantial evidence to support the court's decision revoking probation.

C.D.A.-C. also claims the district court abused its discretion in sentencing him to the juvenile correctional facility. He claims this was "an extreme decision which no reasonable person would have taken." We disagree.

The district court found that compliance with sex offender treatment was an essential part of probation and that there was little likelihood C.D.A.-C would comply with this probation requirement in the future. Thus, it was not unreasonable for the court to revoke his probation and sentence him to a juvenile correctional facility.

If we were to reach C.D.A.-C's underlying claims, we would find that the district court had proper grounds to revoke the juvenile's probation and commit him to a juvenile correctional facility.

The appeal is dismissed.

8