No. 122,658

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of T.T.

SYLLABUS BY THE COURT

The denial of a motion to modify sentence is not an appealable order under the Revised Kansas Juvenile Justice Code.

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed December 23, 2020. Appeal dismissed.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellant.

*Megan Williams*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

ARNOLD-BURGER, C.J.:  After his conviction was affirmed by this court, T.T. moved to modify his sentence with the district court. The district court denied T.T.'s motion because it found that placement in the juvenile detention center was in T.T.'s best interest, his crime was severe, and his placement in the detention center was in the best interest of the community. T.T. appeals from the denial of his motion. The State argues that there is no statutory authority allowing T.T.'s appeal—meaning this court lacks jurisdiction. We agree and dismiss his appeal.

1

Many of the underlying facts in this case can be found in *In re T.T.*, No. 120,336, 2019 WL 1868498, at *1-2 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1062 (2019). In short, in May 2017, the State filed a complaint against T.T. charging him with one count of aiding and abetting aggravated criminal sodomy and one count of criminal restraint. The allegation was that he held down a 10-year-old boy who was playing outside while T.T.'s brother raped the boy. The court held a bench trial and found T.T. guilty on both counts and adjudicated him a juvenile offender. He was sentenced to incarceration in a juvenile correctional facility as a violent offender II until the age of 22 1/2 years, followed by an aftercare term to the age of 23 years. The sentence was within the sentencing range set by statute for a juvenile adjudicated as a violent offender II. K.S.A. 2019 Supp. 38-2369(a)(1)(B). T.T. appealed the district court's adjudication.

On appeal, T.T. argued that the district court erred by failing to inquire whether T.T. wanted to waive his right to a jury trial, by excluding an alibi witness' testimony, and by limiting cross-examination of the victim. This court declined to address the merits of each of T.T.'s arguments because he failed to follow proper procedure which would allow this court to address the issues. 2019 WL 1868498, at *1. T.T. petitioned the Kansas Supreme Court for review. His petition was denied.

On the same day his petition for review was denied, T.T. moved for a modification of his sentence under K.S.A. 2017 Supp. 38-2367. The district court denied T.T.'s motion:

> "I took some time in this case. I read the transcript of the trial. If I had the authority, I don't find it even a close call. The facts in this case are—are not good. It's a horrible crime. The fact that the codefendant was found not guilty is of very little relevance. I don't think it makes any difference. I don't believe it's in the best interest of the child—of

2

the juvenile to be released from the youth center. I think he's where he needs to be, where there's services available, where're there's counselling and programs available. I don't think probation would serve his purposes.

"Additionally, very strongly I do not believe it's in the best interest of the community for him to be back into the community at this time. As I say, this was a terrible crime committed against a very young child. The facts are pretty egregious. I do not believe that anything I've seen or heard merits a modification of the sentence in this, so the motion for modification of sentence is denied."

T.T. timely appeals the district court's denial of his motion.

ANALYSIS

As an initial matter, the State argues that this court lacks jurisdiction to hear the appeal for two distinct reasons. First, it argues the denial of T.T.'s motion to modify his sentence is not an appealable order under the Revised Kansas Juvenile Justice Code (RKJJC), K.S.A. 2019 Supp. 38-2301 et seq. Specifically, it argues that a motion to modify a sentence is not an order of adjudication or sentencing. See K.S.A. 2019 Supp. 38-2380(b) ("The juvenile offender may appeal from an order of adjudication or sentencing, or both."). Second, it asserts that T.T.'s sentence was within the presumptive sentencing range for a violent offender II under K.S.A. 2019 Supp. 38-2369(a)(1)(B) and as such, it was not an appealable order. See K.S.A. 2019 Supp. 38-2380(b)(2)(A) ("[T]he appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime.").

*Our scope of review is unlimited.*

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

3

"Appellate jurisdiction is defined by statute; the right to appeal is neither a vested nor a constitutional right. The only reference in the Kansas Constitution to appellate jurisdiction demonstrates this principle, stating the Kansas Supreme Court shall have 'such appellate jurisdiction as may be provided by law.' Kan. Const., art. 3, § 3. Under this provision, this court may exercise jurisdiction only under circumstances allowed by statute; this court does not have discretionary power to entertain appeals from all district court orders. [Citations omitted.]" *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010).

Whether a denial of a motion to modify a presumptive sentence is an appealable order is a question of statutory interpretation, over which this court exercises de novo review. See *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1008, 360 P.3d 443 (2015).

*The denial of a motion to modify sentence is not an appealable order.*

The RKJJC specifically sets out what orders are appealable by the parties in K.S.A. 2019 Supp. 38-2380. Subsection (b) provides that "[t]he juvenile offender may appeal from an order of adjudication or sentencing, or both." K.S.A. 2019 Supp. 38-2380. When this statutory language is combined with this court's holding in *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, it is clear that the statute does not provide authority to appeal a motion to modify a sentence.

In *In re C.D.A.-C.*, the district court granted the juvenile probation after the juvenile pled guilty to two counts of aggravated indecent liberties with a child. Later, the State filed a motion alleging the juvenile violated his probation and the district court imposed a sentence in the juvenile correctional facility. The juvenile appealed the probation revocation. This court held that the Juvenile Justice Code does not grant appellate jurisdiction for appeals from probation revocations. 51 Kan. App. 2d at 1011.

In reaching its decision, we began by noting that K.S.A. 2014 Supp. 38-2380 sets out what a juvenile may appeal in a juvenile justice case. 51 Kan. App. 2d at 1009. Included in subsection (b) of the statute is the juvenile's statutory right to appeal "from an order of adjudication or sentencing, or both." This court then looked to *In re D.M.-T.*, No. 102,241, 2010 WL 2545666 (Kan. App. 2010) (unpublished opinion), *aff'd* 292 Kan. 31, 249 P.3d 418 (2011), as persuasive authority. In that case, the panel held that the plain language of K.S.A. 2009 Supp. 38-2380(b) only allows a juvenile offender to appeal the adjudication or sentence and does not cover adverse rulings in a postadjudication motion. 2010 WL 2545666, at *3. The panel's decision in *In re D.M.-T.* was affirmed by the Kansas Supreme Court which found that "the juvenile justice code made no provision for the appeal of the district court's order denying D.M.-T.'s postappeal motion to set aside adjudication and sentence." *In re D.M.-T.*, 292 Kan. 31, 35, 249 P.3d 418 (2011). In doing so, the Kansas Supreme Court rejected the argument that the juvenile was entitled to the same statutory procedures afforded to adult criminal defendants. 292 Kan. at 35.

This court also addressed the differences between the statutory procedures afforded to adult defendants and juveniles. Under K.S.A. 2014 Supp. 22-3601(a), appellate courts have jurisdiction for any appeal taken from the district court's final judgment in an adult criminal case, absent some exception. But the RKJJC does not give appellate courts the same broad jurisdiction in juvenile cases. This court boiled the question down to "whether probation revocations fall under the limited statutory language governing juvenile appeals." *In re C.D.A.-C.*, 51 Kan. App. 2d at 1011. This court held that it does not, noting that nothing in the plain language of K.S.A. 2014 Supp. 38-2380(b) "authorizes appellate jurisdiction for appeals from probation revocations." 51 Kan. App. 2d at 1011.

This court has made similar findings in the case of municipal court appeals. K.S.A. 2019 Supp. 22-3609(a) provides that "[t]he defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court *which*

5

*adjudges the defendant guilty* of a violation of the ordinances of any municipality of Kansas or any findings of contempt." (Emphasis added.) In *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 558-59, 919 P.2d 1047 (1996), this court addressed whether a defendant was able to appeal the municipal court's order revoking his probation. We found that the language of the statute was clear and unambiguous. Under the plain language of the statute Patterson was unable to appeal his probation revocation because it was not a judgment that adjudicated Patterson as guilty. 22 Kan. App. 2d at 558; see *State v. Legero*, 278 Kan. 109, 113, 91 P.3d 1216 (2004) (citing *Patterson* with approval). Likewise, a denial of a motion to withdraw plea in a municipal court case is not appealable under the plain language of the statute. *City of Topeka v. Ramos*, 55 Kan. App. 2d 306, 314, 414 P.3d 255, *rev. denied* 308 Kan. 1593 (2018). On the other hand, statutory language that allows a defendant to appeal any *judgment* of the court does include postconviction matters like probation revocations and postprobation revocation sentence modifications. See K.S.A. 2019 Supp. 22-3602(a) ("[A]n appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed."); *State v. Weekes*, 308 Kan. 1245, Syl., 427 P.3d 861 (2018). So the Legislature knows how to adopt a broad appeal statute or a limited appeal statute, and it has chosen a limited right to appeal in juvenile cases.

T.T. does not devote any time to arguing whether the denial of his motion is an appealable order. Instead, he focuses on a secondary jurisdictional issue relating to timeliness. He does cite *In re S.D.S.*, No. 95,081, 2006 WL 1319394 (Kan. App. 2006) (unpublished opinion), to support his timeliness arguments and that case is, at least, somewhat applicable here.

In *In re S.D.S.*, this court was tasked with determining whether the 60-day time limitation in K.S.A. 38-1665(c) [now codified at K.S.A. 2019 Supp. 38-2367] tolled upon

6

the filing of a notice of appeal. Relevant to this issue, however, was the fact that the State was appealing the district court's granting of S.D.S.'s request to be placed on probation. The State argued that the district court exceeded its authority because the 60-day limitation had expired. This court did not question whether the State was allowed to appeal the modification order and instead addressed the merits of the State's jurisdictional argument. 2006 WL 1319394, at *2-3. Therefore, the case is of minimal value here.

Given that the right to appeal is entirely statutory, and because the RKJJC contains no provision allowing for the appeal from the denial of a motion to modify sentence, this court lacks jurisdiction to hear the case and has a duty to dismiss it. See *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011) (finding that if the record shows that an appellate court does not have jurisdiction, it is the duty of the appellate court to dismiss the appeal).

*T.T.'s sentence was within the presumptive sentencing range for a violent offender II and as such, it was not an appealable order.*

Next the State asserts, as an additional reason to dismiss the appeal, that T.T.'s sentence was within the presumptive sentencing range for a violent offender II under K.S.A. 2019 Supp. 38-2369(a)(1)(B) and as such, it was not an appealable order. See K.S.A. 2019 Supp. 38-2380(b)(2)(A) ("[T]he appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime."). The State is correct.

T.T.'s sentence was within the presumptive range for his convictions—precluding this court from reviewing the sentence. See K.S.A. 2019 Supp. 38-2380(b)(2)(A); K.S.A. 2019 Supp. 38-2369 (setting minimum and maximum terms for juvenile sentences); *In re C.D.A.-C.*, 51 Kan. App. 2d at 1012 (citing K.S.A. 2014 Supp. 38-2380[b][2][A] for proposition that court lacked jurisdiction to review C.D.A.-C.'s sentence because it was within the presumptive range for his offense).

7

Thus, we are required to dismiss T.T.'s appeal for lack of jurisdiction.

Appeal dismissed.