NOT DESIGNATED FOR PUBLICATION

No. 123,337

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF R.H.

MEMORANDUM OPINION

Appeal from Marion District Court; MICHAEL F. POWERS, judge. Opinion filed August 20, 2021.
Appeal dismissed.

*Kristen B. Patty*, of Wichita, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: R.H. stipulated to multiple violations of his probation and now timely appeals the district court's discretionary decision to revoke his probation and impose his original sentence of 24 months in the Juvenile Correctional Facility (JCF). For the reasons explained below, we dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2019, under a plea agreement, R.H. pled no contest to one count of aggravated indecent liberties with a child, a severity level 3 person felony, and to one count of aggravated indecent solicitation of a child, a severity level 5 person felony. Upon R.H.'s plea, the State dismissed all remaining charges pending against him. The district court accepted R.H.'s pleas and adjudicated him to be a juvenile offender.

1

At the sentencing hearing, the district court sentenced R.H. to 24 months in the JCF based on the plea agreement. The district court then granted R.H.'s request for a departure sentence to probation and placed R.H. on intensive supervision probation for 24 months. R.H. did not file a direct appeal.

Probation did not go well. Approximately 10 months later, the State filed a motion to revoke R.H.'s probation based on the allegations he had failed to establish and maintain a residence, failed to attend school, and failed to remain crime free after he was caught possessing marijuana at school. At the revocation hearing, R.H. stipulated to the allegations as set forth in the motion and supporting affidavit. The district court found R.H. had violated the terms of his probation and ordered him to serve the underlying sentence of 24 months in the JCF.

R.H. initially filed a motion for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State failed to respond, and our court denied the request. R.H. has now filed a motion to expedite this appeal, indicating the district court modified its ruling by ordering R.H. to be released from the JCF on July 26, 2021, and placed on six months of aftercare. We granted the motion to expedite the decision. The State has not filed a brief.

ANALYSIS

R.H. argues that the district court abused its discretion after revoking his probation by imposing the underlying 24-month sentence to be served in the JCF.

Before we address the merits of R.H.'s claims, we have a duty to question jurisdiction on our own initiative. If jurisdiction does not exist, the appeal must be dismissed. The right to appeal is purely a statutory right that is not contained in the

2

United States or Kansas Constitutions. *In re I.A.*, 313 Kan. ___, 2021 WL 3124060, at *2-3 (No. 118,802, filed July 23, 2021).

K.S.A. 2020 Supp. 38-2380 identifies and limits the orders from which a juvenile offender may appeal. Under K.S.A. 2020 Supp. 38-2380(b), a juvenile offender may appeal only from an order of adjudication or sentencing. The statute does not authorize appeals from probation revocations. As discussed, appellate jurisdiction is exclusively statutory, and our examination of K.S.A. 2020 Supp. 38-2380 reflects no right to appeal from an order revoking probation. *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1011, 360 P.3d 443 (2015) (this court does not have jurisdiction to review a district court's decision to revoke a juvenile offender's probation).

In addition, K.S.A. 2020 Supp. 38-2380(b)(2)(A) states: "On appeal from a judgment or conviction entered from an offense committed on or after July 1, 1999, the appellate court shall not review: (A) Any sentence that is within the presumptive sentence for the crime." See K.S.A. 2020 Supp. 38-2369 (setting minimum and maximum terms for juvenile sentences). We have previously applied this statute and dismissed juvenile offenders' appeals from presumptive sentences for lack of jurisdiction. See *In re T.T.*, 59 Kan. App. 2d 267, 272, 480 P.3d 790 (2020); *In re C.D.A.-C.*, 51 Kan. App. 2d at 1012. R.H.'s sole issue on appeal is whether the district court abused its discretion after revoking his probation by imposing the presumptive sentence. R.H. does not dispute that his sentence is within the presumptive sentencing range. We have no jurisdiction; therefore, we dismiss R.H.'s appeal.

Appeal dismissed.