NOT DESIGNATED FOR PUBLICATION

No. 123,813

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of T.A.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAUL R. KLEPPER, judge pro tem. Opinion filed October 1, 2021. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: T.A. timely appeals the disposition of his four juvenile adjudications for felony offenses following his no-contest pleas. We granted T.A.'s motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. However, because we lack jurisdiction to review a presumptive sentence, we dismiss the appeal.

In December 2019, when T.A. was 17 years old, the State charged T.A. with several aggravated burglary and theft counts, arising from residential break-ins. He later committed obstruction of law enforcement by running from police officers after they stopped him in a stolen vehicle. While in a juvenile detention facility, T.A. hit another juvenile detainee, causing severe injury, which resulted in an aggravated battery charge.

As the result of plea negotiations, the State filed a modified complaint, charging T.A. with two counts of aggravated burglary, interference with law enforcement—

1

obstruction, and aggravated battery. T.A. agreed to enter guilty or no-contest pleas to all four counts of the amended complaint. The plea agreement reflected, upon T.A.'s pleas, the State would dismiss the remaining aggravated burglary and theft charges in the original complaint. The plea agreement further provided T.A. would pay $400 in restitution, jointly and severally, with his codefendant and the parties remained free to argue the proper disposition at sentencing. After reviewing T.A.'s understanding of the trial rights he would waive by entering a plea and the potential penalties he faced, the district court accepted T.A.'s pleas and adjudicated him a juvenile offender on each of the four counts.

Once a court has adjudicated a person a juvenile offender, K.S.A. 2020 Supp. 38-2361(a) controls the authorized sentencing dispositions. Specifically, K.S.A. 2020 Supp. 38-2361(a)(12) authorizes the court to order placement in a juvenile correctional facility:

> "If the judge finds and enters into the written record that the juvenile poses a significant risk of harm to another or damage to property, and the juvenile is otherwise eligible for commitment pursuant to K.S.A. 2020 Supp. 38-2369, and amendments thereto, [the court may] commit the juvenile directly to the custody of the secretary of corrections for placement in a juvenile correctional facility or a youth residential facility. . . . If the court elects, a period of conditional release pursuant to K.S.A. 2020 Supp. 38-2369, and amendments thereto, may also be ordered. The period of conditional release shall be limited to a maximum of six months and shall be subject to graduated responses."

At sentencing, both parties presented witnesses to support their dispositional positions. The district court expressed frustration about the lack of viable alternatives for sentencing but found T.A. posed a significant risk of harm to others or to property and met the placement criteria for a serious offender I. The district court also found the local Youth Services scored T.A. as a high risk to reoffend and concluded T.A. was not a viable candidate for probation due to his conduct while on conditional release during part

of these proceedings. The district court ordered T.A. confined to a juvenile correctional facility for 36 months, followed by 6 months of aftercare with credit for time served.

Once the district court made findings on the record reflecting T.A. posed a significant risk of harm to others or damage to property, K.S.A. 2020 Supp. 38-2361(a)(12) authorized the court to place T.A. in a correctional facility under the custody of the Secretary of Corrections. Various subsections within that statute direct the term of detention. K.S.A. 2020 Supp. 38-2369(a)(2)(A), for example, directs the court to order detention of the juvenile in a juvenile correctional facility for a period of 18 to 36 months with an aftercare supervision period of 6 to 24 months once the juvenile is classified a "serious offender I." A "serious offender I" is statutorily defined as "an offender adjudicated as a juvenile offender for an offense which, if committed by an adult, would constitute a nondrug severity level 4, person felony." K.S.A. 2020 Supp. 38-2369(a)(2)(A).

T.A. entered no-contest pleas to two counts of aggravated burglary, a severity level 4 person felony if committed by an adult. See K.S.A. 2019 Supp. 21-5807(b)(1), (c)(2)(A). Accordingly, the ordered disposition of 36 months in the Juvenile Corrections Facility followed by 6 months of aftercare is within the sentencing range for a serious offender I directed by K.S.A. 2020 Supp. 38-2369(a)(2)(A).

The right to appeal is entirely statutory. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). However, under the revised Kansas Juvenile Justice Code (Code), K.S.A. 2020 Supp. 38-2301 et seq., an appellate court lacks jurisdiction to consider an appeal from "any sentence that is within the presumptive sentence for the crime" if the offense was committed after July 1, 1999. K.S.A. 2020 Supp. 38-2380(b)(2)(A); *In re T.T.*, 59 Kan. App. 2d 267, 272, 480 P.3d 790 (2020); see *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1012, 360 P.3d 443 (2015) (finding K.S.A. 2014 Supp. 38-2380 [b][2][A] precluded review of juvenile offender's probation revocation and new sentence, which

was within presumptive range). "Presumptive sentence" is not defined within the Code, but K.S.A. 2020 Supp. 38-2369(a) mandates that the district court follow the placements authorized within the statute when the court finds "that the juvenile poses a significant risk of harm to another or damage to property." We find the outlined dispositions of K.S.A. 2020 Supp. 38-2369(a) when imposed are presumptive sentences. Thus, because T.A. received a presumptive sentence, K.S.A. 2020 Supp. 38-2380(b)(2)(A), in conjunction with K.S.A. 2020 Supp. 38-2369(a), deprives us of jurisdiction to consider T.A.'s challenge to his presumptive sentence.

Appeal dismissed.