No. 124,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of S.L.

SYLLABUS BY THE COURT

1.

An appellate court has jurisdiction to review a presumptive sentence under K.S.A. 2019 Supp. 38-2380(b)(5), when a trial judge imposes a sentence under K.S.A. 2019 Supp. 38-2369(a)(1)(B), that lacks a specific finding in a written order stating that the juvenile offender poses a significant risk of harm to another or damage to property.

2.

Before a trial judge under K.S.A. 2019 Supp. 38-2369(a)(1)(B) directly commits a juvenile offender to a juvenile correctional facility, the trial judge must make a specific finding in a written order stating that the juvenile offender poses a significant risk of harm to another or damage to property.

Appeal from Sedgwick District Court; GREGORY D. KEITH, judge. Opinion filed February 11, 2022. Sentence vacated and case remanded for resentencing.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant.

*Julie A. Koon*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.

Before CLINE, P.J., GREEN, J., and PATRICK D. MCANANY, S.J.

GREEN, J.:  S.L., an adjudicated juvenile offender, pleaded no contest to aggravated robbery and aggravated battery. The trial court accepted S.L.'s plea and found

1

her guilty. The trial court ruled that S.L. was a violent offender II based on the severity level of the crimes committed and sentenced her within the statutory minimum and maximum under the revised Juvenile Justice Code. S.L. appeals, arguing that the trial court failed to make a specific written finding on the record that S.L. "pose[d] a significant risk of harm to another or damage to property" under the juvenile sentencing statute. The State, however, argues that we lack jurisdiction to review this appeal. Because the statute in question requires the trial court to make a specific written finding before it can apply the presumptive sentence, we have jurisdiction to review this issue. And because the trial court failed to make this specific written finding, we vacate S.L.'s sentence and remand with directions that the trial court resentence her as required by K.S.A. 2019 Supp. 38-2369(a).

FACTS

The State charged S.L. in November 2019 with aggravated robbery, aggravated battery, and robbery. S.L. was born in 2004 and was 15 years old when the alleged offenses occurred. In November 2019, the trial court found probable cause existed to believe S.L. had committed the alleged offenses, and the court ordered S.L. to be detained until December 2019 for a detention review hearing. In April 2021, S.L. pleaded no contest to aggravated robbery and aggravated battery. The trial court accepted S.L.'s plea, found her guilty, and continued the case to a later date for sentencing.

The parties agreed S.L. was direct commitment eligible as a violent offender II with a minimum and maximum sentence of direct commitment of 24 months to the age of 22 years and 6 months with a minimum and maximum of aftercare of 6 months to the age of 23 years. The plea specified that the State would recommend the trial court directly commit S.L. to a juvenile correctional facility for 66 months with 6 months of aftercare. According to the plea agreement, S.L. was free to argue for an alternative disposition.

2

At the sentencing hearing in May 2021, S.L.'s lawyer argued that probation was a viable sentencing option because S.L.'s behavior improved while in detainment. S.L. argued that the trial court should not sentence her to a direct commitment because she did not pose a significant risk of harm to others. She also showed remorse for her actions and that she had improved her behavior once she was on the proper medication for her intellectual development disability.

The State argued that S.L. had a criminal history of thefts and batteries and that it seemed her behavior was escalating. The State recommended the trial court sentence S.L. to 66 months in the juvenile correctional facility with 6 months of aftercare.

The trial court noted S.L.'s criminal history, which began when she was 12 years old for theft. The trial court then stated that S.L.'s criminal history went from theft to batteries, and aggravated robbery to aggravated battery. The trial court noted that the escalation in amounts stolen, in addition to the aggression shown during some of these offenses, was concerning. The trial court then adopted the State's recommendation and ordered S.L. to be committed for 66 months in a juvenile correctional facility with 6 months of aftercare. The trial court further ordered that S.L. receive credit for any time served.

The trial court's journal entry noted that the court reviewed the results of the risk and needs assessment and found that there was no "overall case length limit." The trial court then found that S.L. was a violent offender II as defined in K.S.A. 2019 Supp. 38-2369(a)(1)(B). The trial court ordered S.L. to be placed in the custody of Kansas Department of Corrections—Juvenile Services for commitment to a juvenile correctional facility for 66 months with 6 months of aftercare. The trial court then ordered S.L. to pay restitution, joint and several with her co-respondents, to the victims in the amount of $4,481.59. The trial court also noted that it advised S.L. of her inability to possess a weapon as an adjudicated felon under K.S.A. 2019 Supp. 21-6304.

S.L. timely appeals.

ANALYSIS

*Did the trial court err in sentencing S.L.?*

S.L. argues that the trial court improperly sentenced her to a direct commitment without first finding that she posed a significant risk of harm to others or damage to property. The State argues that we should dismiss this issue for lack of jurisdiction. In the alternative, the State argues that the trial court did not abuse its discretion and made the appropriate findings when it noted on the record that S.L.'s behavior had escalated from her previous crimes.

*Standard of Review*

Whether this court has jurisdiction is a question of law over which this court exercises unlimited review. *In re T.T.*, 59 Kan. App. 2d 267, 269, 480 P.3d 790 (2020), *rev. denied* 313 Kan. 1041 (2021). Similarly, statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

*The Revised Kansas Juvenile Justice Code and Jurisdiction*

Once a court has adjudicated a person a juvenile offender, K.S.A. 2019 Supp. 38-2361(a) controls the authorized sentencing dispositions. The Code sets minimum and maximum terms of commitment based on the various types of offender. K.S.A. 2019 Supp. 38-2361(a)(1)-(13). The trial court may classify the juvenile as either (1) a violent offender I or II, (2) a serious offender I, II, or III, or (3) a chronic offender I, based on the severity level of the underlying crime. K.S.A. 2019 Supp. 38-2369(a)(1)-(3). A "violent offender II is defined as an offender adjudicated as a juvenile offender for an offense

4

which, if committed by an adult, would constitute a nondrug severity level 1, 2 or 3 felony." K.S.A. 2019 Supp. 38-2369(a)(1)(B). The trial court may sentence a violent offender II to a "minimum of 24 months and up to a maximum term of the offender reaching the age of 22 years, six months." K.S.A. 2019 Supp. 38-2369(a)(1)(B).

S.L. does not contest the trial court's legal finding that she is a violent offender II under the Juvenile Justice Code. This is likely because the trial court properly ruled that she had committed a nondrug severity level 3 felony. See K.S.A. 2019 Supp. 38-2369(a)(1)(B); K.S.A. 2019 Supp. 21-5420(b)(2), (c)(2).

S.L. challenges the trial court's failure to make a written "significant risk of harm" finding before committing her to a facility. But the first issue we must consider is if we have jurisdiction to review the trial court's failure to make the specific written "significant risk" finding, even though the trial court here imposed a presumptive sentence.

An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1008, 360 P.3d 443 (2015). A juvenile has a statutory right to appeal "from an order of adjudication or sentencing, or both." K.S.A. 2019 Supp. 38-2380(b). But an appellate court lacks jurisdiction to review a sentence for an offense committed after July 1, 1999, that was within the presumptive sentence or was agreed to by the juvenile and the State and approved by the trial court. K.S.A. 2019 Supp. 38-2380(b)(2)(A), (B).

In *In re J.A.*, No. 122,883, 2021 WL 401284 (Kan. App. 2021) (unpublished opinion), this court reviewed a juvenile's presumptive sentence and whether this court had jurisdiction to review the trial court's decision. In *In re J.A.*, the trial court accepted J.A.'s no-contest plea to one charge of committing acts that, if he were an adult, would constitute aggravated burglary, a severity level 4 person felony. At sentencing, the trial

5

court found that J.A. was a "serious offender I" and posed a "'significant risk of harm to others.'" 2021 WL 401284, at *1. The trial court also reflected this finding in its written sentencing order. 2021 WL 401284, at *1. J.A. appealed.

Although J.A. acknowledged the statutory bar in K.S.A. 2019 Supp. 38-2380(b)(2)(A) and that he received a presumptive sentence, J.A. argued that the trial court imposed an overly harsh sentence and that the court's finding that he posed a significant risk to others violated his "due process rights." 2021 WL 401284, at *2. But this court ruled that J.A.'s argument was unpersuasive because the juvenile offender statutes do not provide for an exception to the presumptive sentence jurisdictional bar on constitutional grounds. And this court further determined that J.A. had failed to point to other legal authority providing this court with jurisdiction to review constitutional issues, despite the plain language of K.S.A. 2019 Supp. 38-2380(b)(2)(A). Because the statute prohibits appellate courts from reviewing a juvenile offender's presumptive sentence, this court dismissed for a lack of jurisdiction. 2021 WL 401284, at *3.

A review of our caselaw suggests that our appellate courts have not yet decided if we lack jurisdiction to review a juvenile's presumptive sentence if the trial court has failed to make a certain factual finding in its written order. Thus, the issue we must decide is if the statutory bar for reviewing presumptive juvenile sentences prohibits our review of the trial court's failure to make the appropriate written factual finding in the record. To decide this issue, we must interpret the statutory construction of parts of the revised Juvenile Justice Code. We are guided in our interpretation of this Code by the following cardinal rule:

> "The most fundamental rule of statutory construction is that the intent of the Legislature
> governs if that intent can be ascertained. When a statute is plain and unambiguous, an
> appellate court should not speculate about the legislative intent behind that clear
> language, and it should refrain from reading something into the statute that is not readily

6

found in its words. Further, where there is no ambiguity, the court need not resort to statutory construction. [Citations omitted.]" *In re C.M.W.*, No. 120,621, 2020 WL 1814304, at *2 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. 891 (2020).

Under K.S.A. 2019 Supp. 38-2361(a), upon adjudication as a juvenile offender, the court may impose one or more of the following sentencing alternatives for a fixed period. K.S.A. 2019 Supp. 38-2361(a)(12) reads in part:

> "If the judge finds and enters into the written record that the juvenile poses a significant risk of harm to another or damage to property, and the juvenile is otherwise eligible for commitment pursuant to K.S.A. 2019 Supp. 38-2369, and amendments thereto, commit the juvenile directly to the custody of the secretary of corrections for placement in a juvenile correctional facility or a youth residential facility."

K.S.A. 2019 Supp. 38-2369(a) reads in part:

> "Except as provided in subsection (e) and K.S.A. 2019 Supp. 38-2361(a)(13), for the purpose of committing juvenile offenders to a juvenile correctional facility, upon a finding by the judge entered into the written order that the juvenile poses a significant risk of harm to another or damage to property, the following placements shall be applied by the judge in cases specified in this subsection."

This subsection requires the trial judge to make this written finding before imposing a sentence within the guidelines of the sentencing statute if the juvenile falls within the category of a violent offender. See K.S.A. 2019 Supp. 38-2369(a)(1)(B). A plain reading of this statutory language requires the trial court to make a specific written finding that the juvenile posed a significant risk of harm to another or damage to property before the court can sentence the juvenile to a direct commitment in a correctional facility. See K.S.A. 2019 Supp. 38-2369(a); see also *In re T.T.*, No. 120,336, 2019 WL 1868498, at *2

7

(Kan. App. 2019) (unpublished opinion) (appellate court notes the trial court properly made significant risk to others written finding, as required by juvenile sentencing statute).

By comparison, when K.S.A. 2019 Supp. 21-6820(c)(1) jurisdictional bar applies, for presumptive sentences, our Supreme Court has recognized that appellate courts have jurisdiction to review a claim of an illegal sentence when the complainant argues that it was not authorized by statute. See *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015). This court recently held that this reasoning applies to the Juvenile Code as well because the prohibition against challenging presumptive sentences in K.S.A. 2019 Supp. 38-2380(b)(2)(A) is nearly identical to K.S.A. 2019 Supp. 21-6820(c)(1). See *In re Z.T.*, No. 122,189, 2020 WL 3393793, at *2 (Kan. App. 2020) (unpublished opinion). Likewise, appellate courts have jurisdiction to review a presumptive sentence if the sentence is imposed under K.S.A. 2019 Supp. 38-2369(a) and K.S.A. 2019 Supp. 38-2369(a)(1)(B) and it lacks a specific finding in a written order stating that the juvenile offender poses a significant risk of harm to another or damage to property.

Also, under our Juvenile Code, the trial court may impose a variety of sentencing alternatives. K.S.A. 2019 Supp. 38-2361. One subsection of that statute references the trial court's authority to impose a conditional release from custody as well as the authority to choose between a youth residential facility or a juvenile correctional facility. But the trial court may do so only *after* they have "enter[ed] into the written record that the juvenile poses a significant risk of harm to another or damage to property." K.S.A. 2019 Supp. 38-2361(a)(12).

A review of our juvenile offender caselaw reveals that the trial court must make a specific written finding to directly commit the juvenile to a correctional facility. The *In re J.A.* court stated that the "revised Kansas Juvenile Justice Code includes a placement matrix for sentencing juvenile offenders whom the trial court has found, *in writing*, to 'pose[] a significant risk of harm to another or damage to property.'" (Emphasis added.)

8

2021 WL 401284, at *2 (quoting K.S.A. 2019 Supp. 38-2369[a]). In *In re T.A.*, 123,813, 2021 WL 4497404, at *2 (Kan. App. 2021) (unpublished opinion), this court stated: "*Once the trial court made findings on the record* reflecting T.A. posed a significant risk of harm to others or damage to property, K.S.A. 2020 Supp. 38-2361(a)(12) authorized the court to place T.A. in a correctional facility under the custody of the Secretary of Corrections." (Emphasis added.)

Because K.S.A. 2019 Supp. 38-2369(a) specifically requires a trial judge to "enter into the written order" a finding on whether a juvenile offender poses a risk of harm before the trial judge can sentence a juvenile offender to a direct commitment in a correctional facility, the trial judge must make this specific finding in a written order. And when a trial court imposes a sentence under K.S.A. 2019 Supp. 38-2369(a)(1)(B) directly committing a juvenile offender to a juvenile correctional facility, which lacks a specific finding in a written order stating that the juvenile poses a significant risk of harm to another or damage to property, this is a mistake of law.

S.L. entered a no-contest plea to aggravated robbery and aggravated battery, severity level 3 and 7 person felonies, respectively. As a result, the trial court ordered her to serve 66 months in the juvenile corrections facility followed by 6 months of aftercare. This sentence was within the sentencing range for a violent offender II as directed by K.S.A. 2019 Supp. 38-2369(a)(1)(B). Although the trial court imposed a presumptive sentence, the court did not first make the risk of harm factual finding in its written order. As a result, the trial court exceeded its statutory authority under K.S.A. 2019 Supp. 38-2369(a) when it sentenced S.L. to a direct commitment without the written order containing the risk of harm factual finding.

We note that the State's argument that the trial court made the factual finding when it alluded to S.L.'s escalated behavior is unpersuasive. The trial court's vague statements about S.L.'s escalating behavior during the sentencing hearing is not sufficient to

9

establish the risk of harm written factual finding. Also, the sentencing statute requires that the trial court enter the juvenile's risk of harm finding into the *written order*, which the trial court failed to do. See K.S.A. 2019 Supp. 38-2369(a).

The Juvenile Justice Code, however, is unclear on the appropriate remedy in this situation. Under K.S.A. 2019 Supp. 38-2380(b)(5), an appellate court "may reverse or affirm the sentence." This statute does not provide for a specific remedy when a trial court fails to make the requisite statutory finding before sentencing the juvenile to a direct commitment. See K.S.A. 2019 Supp. 38-2380. But it does provide for remand if the trial court's factual findings are not supported by the evidence or do not establish substantial and compelling reasons for departure. K.S.A. 2019 Supp. 38-2380(b)(5). Thus, because the trial court exceeded its statutory authority under K.S.A. 2019 Supp. 38-2369(a) when it sentenced S.L. to a direct commitment sentence, without the written order containing the risk of harm factual finding, we vacate S.L.'s sentence and remand to the trial court with directions to hold a resentencing hearing in this case.

Sentence vacated and case remanded for resentencing consistent with this opinion.